S. L. SHEPARD v. ELOISE B. SHEPARD.

174 So. 330.
Opinion Filed April 22, 1937.
Petition for Rehearing Denied May 28, 1937.

*J. V. Walton,* for Appellant;

*Francis D. Wheeler* and *Rhydon C. Latham,* for Appellee.

PER CURIAM.—On November 13, 1935, the husband brought this suit for divorce upon grounds of (1) habitual indulgence in violent and ungovernable temper; (2) extreme cruelty; (3) desertion for more than one year.

On December 18, 1935, the defendant wife filed a petition in which it is averred:

"That in order to defend herself in this said case, which she desires to do, it is necessary that she have counsel, and suit money, costs and expenses incident thereto. That she have alimony *pendente lite* to maintain herself during the progress of this cause. That she is not able to employ counsel nor advance suit money, costs and expenses incident to this cause in that she has no income nor assets of any kind or nature whatsoever, but that she depends entirely for her support upon the contributions and bounty of her friends and relatives."

"That the plaintiff in said suit, S. L. SHEPARD, is a man of means and well able to pay counsel fees *pendente lite* for your petitioner, costs, suit money and expenses incident to this cause, and alimony *pendente lite* to your petitioner."

In his answer to the defendant's petition, "Plaintiff assumes that it is necessary that the said Eloise B. Shepard have counsel and pay attorney fees, suit money, and costs and expenses incident to a defense by her of this divorce proceeding, if she, in fact, as she alleges, desires to defend in such proceeding, but this answering plaintiff denies that it is necessary that the said Eloise B. Shepard have alimony *pendente lite* to maintain herself during the progress of this cause, and denies that she is not able to employ counsel, nor advance suit money, costs and expenses incident to this cause, in that he is informed and believes that, based on statements made to him by persons to whom the said Eloise B. Shepard has so stated, that she, the said Eloise B. Shepard, has been gainfully employed for many months and temporarily gave up such employment very recently to come to Florida to spend the winter as a visitor and tourist, and that she has funds sufficient to carry on her defense of, and support herself during, the pendency of said divorce proceeding; and that it is not true that she depends entirely for her support upon the contributions and bounty of her friends and relatives.

"* * * Plaintiff says that it is not true that he is a man of means, in the common acceptance of the term, and well able to pay counsel fees *pendente lite* for petitioner, and the costs, suit money and expenses on her part incident to said divorce proceedings, or alimony *pendente lite* during such time; but, on the contrary, states the truth to be that plaintiff is utterly without money at this time and without any liquid assets from which he can obtain money, in that his sole

property of any value consists of the property formerly occupied by petitioner and himself during the time they lived together as husband and wife, and that such property is encumbered by a mortgage * * *."

Other matters are stated at length and designed to rebut the wife's claim for alimony, suit money, etc.

Upon consideration of the petition and the answer thereto, the court referred the cause to a special master "to take the testimony of the parties and report the same together with his findings of fact and law as to the faculties of the parties, the necessities of the defendant wife, the amount of said legal costs, expenses and counsel fees *pendente lite* and alimony *pendente lite,* which should be allowed to the said defendant wife in the matter of giving her subsistence while defending this suit, and to place her on an equal footing with her husband in the defense of this suit."

The special master reported a finding of $35.00 per month or eight dollars per week towards the support of the defendant wife and a fee of $100.00 for defendant's counsel. Exceptions to the report of the special master were filed as was also a motion to set aside and vacate the order of reference. No order made on the exceptions or the motion is shown by the record.

An appeal was taken by the plaintiff husband from the following order:

"This cause coming on this day to be heard upon the motion of the petitioner, ELOISE B. SHEPARD, for the entry of a decree, awarding her counsel fees *pendente lite,* court costs, suit money and expenses and alimony *pendente lite* and the same having been argued by counsel for the respective parties and the Court being fully advised as to the premises herein, it is

"ORDERED, ADJUDGED AND DECREED that:

"1. The petitioner and defendant, ELOISE B. SHEPARD, be not allowed alimony *pendente lite*.

"2. That the said defendant be and she is hereby allowed as counsel fees *pendente lite* the sum of One Hundred and No/100 Dollars, and the said defendant is directed to pay said sum of money to the said defendant or her solicitors of record; provided, however, should payment be made to the defendant personally, that notice of said payment shall immediately be given to her counsel of record by counsel for the plaintiff of said payment.

"3. That this cause be, and the same is hereby stayed until said sum is paid as herein ordered.

"4. That all costs of this litigation up to this point be paid by the plaintiff.

"5. That J. P. Lamb, as Special Master, be and he is hereby allowed the sum of $20.00 for his services, including the making and filing of his report in this cause.

"6. That the defendant be, and she is hereby required to plead as advised to the Bill of Complaint heretofore filed in this cause within fifteen (15) days after the said counsel fees *pendente lite* in the sum of One Hundred Dollars, shall have been paid.

"DONE AND ORDERED in Chambers at DeLand, Florida, this. 17th day of March, A. D. 1936.

"GEO. WM. JACKSON,
"*Judge.*"

The statute provides that:

"If a wife defendant in any suit for divorce shall in her answer, or by petition, claim alimony or suit money, and the answer or petition shall seem well founded, the court shall allow a reasonable sum therefor." Sec. 4986 (3194) C. G. L.

"The allowance of temporary alimony or suit money is under the terms of the statute conditioned on the answer or petition seeming 'well founded.'"

"Two facts must concur and be made to appear before a court is justified in making an allowance to the wife in a divorce suit for temporary alimony and suit money: (1) The necessity of the wife from want of means or sufficient means to maintain herself during the litigation, and with which to employ counsel; (2) it must be made to appear that the husband has means to supply this necessity." Floyd v. Floyd, 91 Fla. 910 (H. N. 3), 108 So. 896.

It is argued "that the defendant wife must show by her pleading, in this case her sworn petition, that she not only desires to defend, but that she has a legitimate defense to interepose."

In Floyd v. Floyd, *supra,* it is held that the two essential facts to be shown by the wife in an application for alimony and suit money are the necessity of the wife and the husband's ability to supply such necessity. Of course if it clearly appears from the pleadings in the suit that the wife has no defense to the suit, alimony and suit money should be denied. In this case the plaintiff husband's bill of complaint alleges that on or about May 1, 1929, he took his wife "to her father's house and told her life with her had become impossible and unbearable and that no longer could they live together because of her habitual indulgence in such fits of violent and ungovernable temper and because of her extreme cruelty to plaintiff in the attacks on him by her, accompanied by the threats she had made," etc.

The plaintiff also alleges matters relating to a prior suit for divorce brought by him, and alleges bad faith on the part of the wife in transactions relating to the suit for divorce and provision to be made for her living expenses

by the plaintiff.    The bill of complaint contains the following:

"Plaintiff says that in truth and in fact good cause and legal excuse existed for his said action at the time he carried his said wife from their home to her father's, and that such was a complete and final separation of the parties hereto as man and wife, and that defendant has never at any time evinced or shown any desire or intention to return to and live with plaintiff as his wife, but on the other hand has, notwithstanding the said collusion and plans, willfully, continuously and obstinately remained separate and apart and away from plaintiff with no willingness, thought or intention of returning to and living with him as his wife, and all for a continuous period beginning on or about May 1, 1929, and lasting and continuing until now."

As shown above, the defendant wife alleges that she desires to defend the suit and also states her necessities and the ability of the husband to supply such necessities.

Such statements in the wife's petition for alimony *pendente lite* and suit money are sufficient to justify the court in ordering testimony taken as stated above; particularly when considered in the light of the quoted and other allegations of the husband in his bill of complaint, which show that he took part in the alleged desertion and now alleges that the defendant wife "has never at any time evinced or shown any desire or intention to return to and live with plaintiff as his wife."

Apparently the husband was not without fault.    The wife alleges she needs the aid of counsel for the defense she desires to present and that she is without means which the husband is able to supply.

The order of reference to take testimony as to the faculties of the parties under the pleadings in this case, is not in con-

flict with the quoted statute, and it is not inconsistent with other decisions cited by counsel.

In the order appealed from, quoted above, alimony *pendente lite* was denied.

The record has been considered in connection with the component parts of the order appealed from that are adverse to the appellant husband, and no material error has been made to appear.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.