CLARENCE A. DEMPSEY and SARAH A. DEMPSEY, v. EDITH S. DEMPSEY.

19 So. (2nd) 52                       June Term, 1944
July 21, 1944                        Special Division B
Rehearing denied July 28, 1944

*Geo. J. Baya,* for appellants.

*Leo Rosen* and *David B. Newsom,* for appellee.

ADAMS, J.:

Edith S. Dempsey sued her husband for divorce on the ground of extreme cruelty and prayed for an injunction without notice to restrain him from withdrawing money from any bank or banks or otherwise disposing or encumbering any of his real or personal property. She also prayed

to have the real estate, then held by the parties in an estate by the entireties, be declared an estate in common and that the court retain jurisdiction to partition same. She also prayed for custody of the children, suit money, alimony and attorney's fees.

The injunction was granted as prayed upon the filing of the bill. Later the bill was amended to join the husband's mother as a party defendant and set aside a deed formerly made by plaintiff and defendant to her on the grounds that plaintiff executed the deed under duress from defendant and because there was no consideration for same.

Defendant husband answered and also asked for a divorce on the ground of extreme cruelty. Defendant's mother answered and alleged the consideration for the deed to her was in payment of a pre-existing debt.

The case was referred to a master who took considerable testimony and made his report with recommendation thereon. The salient part of the recommendations were a divorce to the wife with the right to custody of the children and $25.00 per week for support of herself and the children; that the real property owned by the parties was an estate by the entireties and should be declared as estate in common; that the property formerly deeded to defendant's mother was conveyed without a valid consideration and the conveyance should be set aside as to plaintiff's one-half interest. Finally, the master recommended that the court reporter be paid $209.00; that he, the master, be awarded $500.00 and plaintiff's attorney be granted $1500.00; and that the court should retain jurisdiction to grant partition of the real estate.

The court approved the master's report except the master's fee was fixed at $250.00 and plaintiff's attorney's fee was fixed at $1000.00.

All the decree is challenged except that portion which grants a divorce. The master and the chancellor found all the real estate involved in this suit was an estate by the entireties, and in this holding we find no error. The result reached is to divide the property equally.

Defendant is an accountant and, in the past has made a substantial salary, however since 1933 he has suffered poor

health and by reason thereof his earnings have been greatly curtailed. Plaintiff enjoys excellent health and is also capable of skilled work. She also owns some property in her own right. From the view we have about the attorney's fee we are not called upon to say it is unreasonable. We think the faculties of the respective parties show that plaintiff is more able to pay her attorney than the defendant and that part of the decree awarding attorney's fee should be reversed.

With reference to the property wherein defndant's mother is interested we find that there was a total failure to prove duress or coercion. The undisputed evidence disclosed that the deed was given for a valuable consideration, namely to satisfy an old debt of the husband. It is true no actual and present consideration came to plaintiff but the whole of the family accumulations were dealt with on a community basis. She profited equally with him in his real estate accumulations. The decree was erroneous in so far as it set aside the conveyance to Sarah A. Dempsey, and in so far as it awarded plaintiff's attorney a fee of $1000.00.

In all other respects the decree is approved. The cause is remanded with directions to modify the decree as herein indicated. Affirmed in part and reversed in part.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.