DREW, Justice.
On November 14, 1949, Edward E. Klein-schmidt, plaintiff below and appellee here (hereafter referred to as the husband), filed a bill for divorce against his wife, Marie J. Kleinschmidt, appellant here (hereafter referred to as the wife), on the grounds of extreme cruelty and violent and ungovernable temper.
After nearly three years of litigation in the Circuit Court of Dade County and in the courts of Illinois, see Kleinschmidt v. Kleinschmidt, 343 Ill.App. 539, 99 N.E.2d 623, the master in the court below, after hearing extensive evidence, found that the husband was a bona fide resident of Florida, that the wife had been guilty of extreme cruelty and the habitual indulgénce in a violent and ungovernable temper. He further found that during the period of the marriage the wife had acquired in her own name an estate from her husband of over $200,000 and had a substantial income in her own right. He recommended that alimony in the amount of $500 per month be awarded her and that she be allowed the sum of $15,000 for her attorneys in the cause. Exceptions were filed to the Master’s report and recommendations, and overruled in their entirety by the lower court. A final decree was entered embodying the findings and recommendations of the Master and allowing the Master a fee of $3,000 for his services in said cause.
The wife has appealed and has assigned numerous errors. The husband has filed cross-assignments of error questioning the amount of the allowance for attorneys’ fees and Master’s fees.
While the record in this cause consists of more than 800 pages, the issues presented by appellant are basically whether there was substantial competent evidence in the record to sustain the findings of the lower court and whether or not the award of alimony was reasonable. We have carefully examined the record and answer each question in the affirmative.
The assignments, of error relating to the failure of the lower court to sustain the exceptions of the wife to the failure of the Master to strike certain testimony and to consider such testimony in the disposition of the cause, and those questioning the taking of testimony after the expiration of 90 days from the date the cause was at issue are wholly devoid of merit.
As to the cross-assignments of error there is evidence in the record by two competent witnesses that establishes the reasonableness thereof. One testified that a fee of $25,000 and the other a fee of $30,-000 would be reasonable for the combined services of the wife’s various solicitors. An examination of the entire record fails to convince us that the lower court abused its discretion in the allowance of such fee. We are of the view, however, that such award is sufficient to cover all services rendered in this as well as the lower court. On the question of the Master’s fee, however, we find no basis for the award of $3,000— and such amount is hereby reduced to $1,-500.
Affirmed in part and reversed in part.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.