138 So.2d 99 (1962)
Ethel HELSEL, Appellant,
v.
Walter HELSEL, Appellee.
No. 61-402.
District Court of Appeal of Florida. Third District.
February 26, 1962.
Rehearing Denied March 14, 1962.
*100 William W. Charles, Miami, for appellant.
James Pilafian, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
HORTON, Judge.
The wife seeks review of a final decree of divorce entered in favor of the plaintiff husband.
The plaintiff filed his complaint for divorce, alleging as grounds therefor extreme cruelty. The defendant answered, denying the substance of plaintiff's allegations and counterclaiming for alimony unconnected with divorce, and for attorney's fees and costs. Neither party prayed for disposition of marital property belonging to them jointly as an incident to the divorce, nor was there any agreement between the parties to effect such result. After hearing, at which testimony was taken indicating, inter alia, that plaintiff was employed and earning $100 a week while defendant was unemployed and without means, the chancellor entered the decree appealed dismissing defendant's counterclaim and awarding a divorce to the plaintiff. In addition, the decree directed that the marital home and income property held by the parties as tenants by the entireties be awarded to defendant and ordered her to pay plaintiff $5,000 as his equity in the property. The parties were ordered to pay their own costs and attorney's fees.
The appellant contends that the chancellor erred in awarding the decree of divorce to the plaintiff and dismissing her counterclaim since the testimony was insufficient to support either of these actions. Without delving into the details of the matrimonial differences between the parties, suffice it to say that the record contains sufficient competent evidence to justify the findings made by the learned chancellor in this regard, and we will not pit our judgment against his. Ward v. Miami Lock & Hardware Co., Fla.App. 1960, 119 So.2d 395.
The appellant further contends that the chancellor erred in making disposition of the marital property in his decree. We conclude that the appellant's contention in this regard has merit. The result of the chancellor's decree, insofar as it relates to the marital property, was to effect a partition of the jointly owned properties of the parties without observing *101 the requirements of specific statutory direction normally applied in a suit for partition. See §§ 66.01-66.09, Fla. Stat., F.S.A. As a general rule, in the absence of an agreement of the parties or appropriate pleadings for such relief, a chancellor is without authority to effect what might amount to a property settlement between parties to a divorce action, and cannot dispose of property belonging to the parties as a mere incident to divorce. See Benson v. Benson, Fla.App. 1958, 102 So.2d 748; Bell v. Bell, Fla.App. 1959, 112 So.2d 63; Latta v. Latta, Fla.App. 1960, 121 So.2d 42; Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52. Once the marriage has been dissolved, the parties become tenants in common of such real property formerly held as an estate by the entireties. Section 689.15, Fla. Stat., F.S.A. Thereafter it is up to them to determine whether the property should be partitioned in accordance with the requirements of §§ 66.01-66.09, supra, or disposed of otherwise.
Finally, the appellant contends that the chancellor erred in ordering her, under the circumstances, to pay her own attorney's fees and costs. We conclude that this contention also has merit.
In suits for divorce, whether brought by or against the wife, she is considered a privileged suitor and entitled to be furnished with means of prosecution or defense upon a showing that (a) she is without the funds necessary to prosecute or defend, and (b) her husband has the means to supply this necessity. See § 65.07, Fla. Stat., F.S.A.; Chaires v. Chaires, 10 Fla. 308; Floyd v. Floyd, 91 Fla. 910, 108 So. 896; Shepard v. Shepard, 128 Fla. 72, 174 So. 330; Markland v. Markland, 155 Fla. 629, 21 So.2d 145. The granting of suit money is not a matter of absolute right but is within the judicial discretion of the court to whom application therefor is made, subject to review by the appellate court. Floyd v. Floyd, supra. Though the record here contains sufficient competent and unrebutted evidence to show that the defendant was without funds to defend the action which the plaintiff had the means to supply, the learned chancellor denied the defendant's request for suit money. This, we conclude, amounted to an abuse of judicial discretion.
In light of the views expressed, it is the conclusion of this court that those portions of the final decree awarding divorce to the appellee and dismissing the appellant's counterclaim for alimony unconnected with divorce should be and they are hereby affirmed. In all other respects the decree is reversed and the cause is remanded for further consideration of and the fixing by the chancellor of a reasonable attorney's fee for appellant's counsel, as well as legally taxable costs incurred by appellant in her defense of the action.
Affirmed in part, reversed in part and remanded.