149 So.2d 83 (1963)
Eugene T. TURNEY, Jr., Appellant,
v.
Margaret S. TURNEY, Appellee.
No. 62-155.
District Court of Appeal of Florida. Third District.
January 29, 1963.
*84 Gotthardt, Christie & Shepard and Kenneth L. Ryskamp, Miami, for appellant.
Neal J. Dunn, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
CARROLL, Judge.
The two questions presented on this appeal relate to the liability of the husband for his wife's attorney fees and the reasonableness of the award.
A suit for divorce was filed by the husband. The wife answered and counterclaimed for divorce. During the pendency of the suit, the parties arrived at a property settlement[1] which showed the husband to be worth $880,000 with an annual income of $25,000, and the wife to be worth $460,000 with a $10,000 annual income. The husband withdrew his complaint and the wife was granted a divorce. The decree fixed $9,600 as a reasonable fee for the wife's attorneys and ordered the husband to pay two-thirds of the fee.
Appellant argues that it is essential that the wife show need, and inability to pay attorney fees, in order to justify requiring the husband to pay such fees. The contention lacks merit. The cases relied on by appellant[2] stand for the proposition that it was not an abuse of discretion for a trial court to refuse to allow attorney fees to a wife who was able to pay them. Those cases are not to be regarded as authority for the proposition that it would be an abuse of discretion to allow attorney fees to such a wife who could pay them, where she sues or defends a divorce suit in good faith against a husband who is also fully able to pay.[3] See Kleinschmidt v. Kleinschmidt, Fla. 1953, 66 So.2d 815; 27A C.J.S. Divorce § 222d. In Kleinschmidt, supra, the court affirmed an allowance of attorney fees to a wife whose assets exceeded $200,000 plus a substantial income. In the text of Corpus Juris Secundum as cited above, it was said (at p. 972):
"According to some authority, the fact that the wife has sufficient funds to bear the expenses of suit does not as a matter of law require that the court deny an allowance of fees against a husband who is able to pay; and it has been held that notwithstanding the wife is possessed of independent means, the *85 question of her right to obtain suit money still rests in the discretion of the court and an allowance may or may not be allowed according to the circumstances. So a wife who in good faith defends a suit for divorce may be entitled to recover counsel fees on the ground that they are `necessaries' regardless of whether she has property sufficient to pay such fees.
"The court need not apply the same standard in determining whether a sum for expenses of suit is necessary as it applies in determining a wife's right to alimony pendente lite, and it may allow counsel fees although the wife's financial circumstances are such as not to authorize the allowance of alimony pendente lite."
The financial abilities of the parties are important factors, to be considered along with other circumstances of the case, in the awarding of fees for a wife's attorneys in a divorce suit. In the instant case, where the husband was shown to have an estate of more than three quarters of a million dollars and a substantial annual income, it was not an abuse of discretion for the chancellor to require him to pay a large part of the wife's attorney fees even though she was financially able to pay them herself. Compare Dempsey v. Dempsey, 154 Fla. 728, 19 So.2d 52.
Appellant's contention that the fee allowed was excessive is not well founded. It was within the range of the testimony presented by the wife, both as to amount and the hours of work on which it was based. The husband offered no evidence thereon. The fee is not shown on the record to be excessive, and the appellant has not carried the burden of demonstrating that the allowance was a clear abuse of discretion. Pross v. Pross, Fla. 1954, 72 So.2d 671, 673; Lauderdale v. Lauderdale, Fla. App. 1957, 96 So.2d 663, 665.
For the reasons stated the decree appealed from is affirmed.
Affirmed.
NOTES
[1] With reference to attorney fees for the wife, the agreement made no express provisions for payment, and indicated a disagreement as to whether, under the circumstances, the husband was responsible for them, saying:

"Eleventh: A: That the husband desires for the Courts to determine his personal obligation, if any, and the sum involved, if any, for attorney fees to the wife's attorney, Neal J. Dunn, payable by the husband for services in the suit pending as heretofore noted in this Agreement.
"B: It is further the desire of the parties for the Courts to determine his obligation, if any, for payment of any costs expended for preparation, investigation and costs in the pending suit, said determination of both attorney fees and costs to be made at the time of the Final Hearing of said pending suit."
[2] Markland v. Markland, 155 Fla. 629, 21 So.2d 145; McFarlin v. McFarlin, Fla. 1954, 75 So.2d 580.
[3] It should be noted that this case does not concern allowance of attorney fees pendente lite, which generally are denied a wife who does not show need. Floyd v. Floyd, 91 Fla. 910, 108 So. 896, 898; Shepard v. Shepard, 128 Fla. 72, 174 So. 330, 332.