PER CURIAM.
On appeal from a judgment granting her a divorce, the appellant contends the trial court erred in refusing to grant permanent alimony and attorney fees. In a lengthy opinion judgment the trial court discussed the financial status of the parties as disclosed in the evidence. The court found that the wife was the owner of property which produced income adequate for her support based on her former standard of living, and concluded that need for alimony was not shown. On the facts of this case, as revealed in the record and the judgment, we find no reason sufficient in law to disturb that ruling of the trial judge. The appellant has failed to carry her burden of showing abuse of discretion by the trial court in that regard.
However, we reverse the ruling by which the appellant wife was denied an allowance for attorney fees. It was established in evidence that the wife had become obligated to her attorneys for payment of a reasonable fee. In view of the denial of alimony we are of the opinion that the discretion of the court should not have been exercised to require the plaintiff to pay her attorneys out of the monies or assets which the court found were basis for denying her application for alimony.
In Turney v. Turney, Fla.App.1963, 149 So.2d 83, decided by this court, it was said:
“The court need not apply the same standard in determining whether a sum for expenses of suit is necessary as it applies in determining a wife’s right to alimony pendente lite, and it may allow counsel fees although the wife’s financial circumstances are such as not to authorize the allowance of alimony pendente lite.”
Here the husband was equally able financially to pay such fees, and we feel that in the circumstances of this case he should have been required to do so. See Ames v. Ames, Fla.App.1963, 153 So.2d 737, and § 61.08 Fla.Stat., F.S.A.
Except as to the denial by the trial court of an allowance to the wife for attorney fees which is hereby reversed, the judgment is affirmed. The cause is remanded for further proceedings with reference to the application of the wife for an allowance for attorney fees.