Action for divorce between Libby Goldman Rubinow and Leopold Joseph Rubinow. From a final decree of divorce, Libby Goldman Rubinow appeals, and Leopold Joseph Rubinow cross-appeals.
Affirmed.
The final decree in this case granted appellant (1) a divorce, (2) denied her alimony in a lump sum but granted alimony in the sum of $50.00 per week, commencing October 1, 1948. She was also granted six months apartment rent at $125.00 per month beginning same date as the alimony. (3) Found appellant to be the owner of one share of stock in Florida Automatic Sales Corporation, worth $1185.00 and required appellee to exercise his option to purchase said stock within one year. (4) Required the household furnishings to be sold at the end of six months and the proceeds divided equally between the parties (5) Appellee was ordered to pay the following bills: Master's fee in the sum of $1500.00, appellant's attorneys' fee in the *Page 562 
sum of $3000.00 and $960.00 expended by appellant taking depositions in New York.
This appeal is from that part of the final decree denying appellant alimony in a lump sum and awarding counsel fees in the sum of $3000.00, being one thousand dollars less than the amount recommended by the Special Master. Appellee cross-assigned error against the award of alimony, the chancellor's finding as to the one share of corporate stock, the cost of depositions taken in New York, the amount awarded as attorney's fees to appellant's counsel, and the amount awarded the Special Master. Neither party assigned error as to that part of the final decree granting the divorce.
To answer these assignments of error a record of considerably more than one thousand pages was brought to this Court and a brief of 67 pages was filed by appellant. A ten page brief would have answered the purpose better and the essential record could have been reduced to 150 pages if the pertinent parts of Rule 11 of the Rules of this Court had been observed. It is not only bad policy, it is hazardous to a client to tuck a point of law away into seven or eight times as much brief and record as are necessary to exemplify it. It makes the search for the key point in the case to become a new version of the adage of looking for a needle in the haystack. Then it should not be overlooked that in the process of separating a little wheat from so much chaff the court may be confused and driven to other than what counsel conceives to be the truth of the controversy. The preparation of his brief and record may be the best service the lawyer performs for his client, it should be done in a way to reveal rather than to conceal the point in controversy.
Still another hazard resulting from an unnecessarily large record is the burden it imposes on the litigant. Any litigated cause conducted in such a manner as to make the litigant feel that he has been liquidated when the case is disposed of, amounts to another nail driven in the coffin of our system of administering justice and it is hardly necessary to say that when enough such nails have been driven and the coffin completed, the system will be buried and some other system that we do not like near so well will arise to take over. A satisfied litigant is the best advertisement our system of administering justice can acquire. It is many times better than a satisfied lawyer. It is highly important that both evolve from every litigated matter, otherwise a focus of discontent arises. The office of attorney is so intimately related to the public welfare that the lawyer must think in terms of the public in the conduct of every litigated cause if he would respond to his duty in preserving our democratic traditions. The third and last hazard pointed out in this connection is that Rule 11(2) (a) of the Rules of this Court authorizes the imposition of a penalty on counsel for failure to abbreviate the record in the manner contemplated by the rule. We have been hesitant to enforce this part of the rule but it has been so flagrantly violated here that we feel impelled to do so.
The appellant limits her appeal to that part of the final decree refusing to award a lump sum for alimony and to that part awarding her $3000.00 attorney's fees instead of $4000.00 as recommended by the Special Master. Chapter 23894, Acts of 1947, amending Section 65.08, Florida Statutes 1941, F.S.A. § 65.08, authorizes the awarding of alimony in a lump sum. Whether or not it is paid in this manner is solely in the discretion of the chancellor, the answer to be governed by the facts in the case. Payment in a lump sum was denied and there is no showing whatever that the chancellor abused his discretion. In fact, it is shown that appellee's ability to pay rested in the successful conduct of his business (Florida Automatic Sales Corporation) and that would not withstand the strain of a lump sum alimony. The record brought up was perfectly useless to adjudicate this point.
As to the award of attorney's fees, the most of the record was likewise useless. It reveals that this was the third time the parties had been married and divorced, that appellant tended to be neurotic and that appellee was a replica of the man in the story who said to his friend, "I am *Page 563 
going to dinner and if my wife has it ready I do not intend to eat a bite but if she does not have it ready I am going to raise hell." Neither had any concept of the sanctity of marriage or any sense of the responsibility imposed by the marital vow. Appellee constantly blasted appellant's attitudes and persisted in crushing her emotions, though at times he was generous with beef and potatoes and personal apparel. Much of the evidence had to do with the drab, cockeyed existence the parties experienced during their matrimonial ventures and gave support to the decree awarding the divorce, but there being no appeal from that part of the final decree, we find it worthless to decide how much attorney's fees should be paid.
The cross-appeal was predicated on the amount awarded as alimony, the cost of taking depositions in New York, the finding as to the one share of stock in Florida Automatic Sales Corporation, owned by appellant, the amount awarded appellant for attorney's fees and the amount awarded the Special Master.
Since the divorce was out of the picture there was no reason to bring up any part of the record to answer these questions except that part relating to the wife's needs and the husband's ability to pay alimony, that part relating to the ownership of one share of stock in appellee's company and such as had to do with the labor and skill of counsel in the conduct of the litigation. The depositions taken in New York added nothing to the proof of these assignments, they were cumulative and unnecessary to support the cross-appeal.
If the provisions of Rule 11 had been observed the record in this case should not have exceeded 150 pages, certainly very little more than that. Any cost of the record above this number of pages should be charged to counsel. The cost of the depositions taken in New York should likewise be charged to counsel for appellant. Ordinarily the amount awarded for attorneys would be excessive, but there were circumstances in this case, not necessary to discuss, which may have justified the amount awarded, but certainly no more, so the decree as to this will not be disturbed. Because of these same circumstances we are not inclined to disturb that part of the decree fixing the master's fee.
It follows that the decree is affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur.