103 So.2d 230 (1958)
George Demetrius COCALIS, Appellant,
v.
Marjorie Jane COCALIS, Appellee.
No. 57-407.
District Court of Appeal of Florida. Third District.
June 5, 1958.
*231 John D. Marsh and Anthony F. Barone, Miami, for appellant.
Pallot, Cassel & Marks, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
Appellant seeks reversal of a decree for alimony and attorneys' fees rendered in a divorce suit in which he was the defendant.
The chancellor granted the plaintiff wife a divorce, by a decree dated April 9, 1957, which reserved jurisdiction for later determination of alimony, child support and attorneys' fees. Those matters were fixed by a further decree dated May 17, 1957, *232 which directed the payment of lump sum alimony in the amount of $2,500, ordered payment of $100 a week for support of the two children, required the husband to pay off a mortgage on a home which had been conveyed to the wife and allowed a fee of $750 to the wife's attorneys.
A timely petition for rehearing was filed, with the object of increasing the alimony on the basis of additional facts relating to the financial status of the defendant which it was claimed had been overlooked and not presented to the court. The court granted the petition for rehearing by an order in which it was provided that the parties should have the right to present additional testimony pertinent to the issues involved.
After a hearing in September of 1957 at which more testimony was submitted, the court made an amended final decree on October 30, 1957, which vacated the earlier decree of May 17 relating to alimony and awarded $15,000 lump sum alimony, continued the provision for support of the children, ordered payment to the wife of $65 per week for three years (in place of the order in the previous decree for payment of the mortgage on the wife's residence), and allowed an additional attorneys' fee of $1,000, payable to the attorneys representing the ex-wife in the proceedings on the rehearing, who were different from the attorneys who had acted for her in obtaining the original decree.
The assignments of error challenged the granting of the petition for rehearing, and the provisions of the amended decree of October 30, 1957, granting alimony and allowing attorneys' fees, and vacating the earlier alimony decree.
The granting of the petition for rehearing was within the sound judicial discretion of the court under rule 3.16, 1954 Florida Rules of Civil Procedure, 31 F.S.A., and no abuse of discretion was shown.
The evidence furnished adequate basis for the provisions for support of the wife, as fixed in the ultimate decree. The appellant was shown to be possessed of an estate valued in excess of $200,000, and to be the beneficiary of a trust from which he received annually an income of approximately $15,000 after taxes.
On behalf of the appellant it was argued that the court should not have granted a lump sum alimony, but should have made provision for the payment of alimony in regular installments. The court was entitled to choose to allow lump sum alimony. Section 65.08, Fla. Stat., F.S.A.; Yandell v. Yandell, Fla. 1949, 39 So.2d 554; Rubinow v. Rubinow, Fla. 1949, 40 So.2d 561; Lindley v. Lindley, Fla. 1955, 84 So.2d 17.
In Yandell v. Yandell, supra, 39 So.2d at pages 556, 557, it was said with reference to lump sum alimony:
"* * * There may be other situations which might justify or possibly require a lump sum award, but it should never be made unless the husband is in a financial position to make payment of such gross award without endangering or actually impairing his economic status. A lump sum allowance of permanent alimony is not `fit, equitable and just' unless the husband is in a position to make payment of the sum so granted over and above the requirements attendant upon the maintenance of his business or employment, or the preservation of his professional activities.
"Of course, where the husband's financial condition is such as to enable him to respond to a gross allowance of alimony without jeopardy to his business, profession or employment it may be the better solution to grant such allowance when all other equitable considerations justify it and thereby avoid vexatious and possibly endless litigation."
Appellant has not shown that the court abused its discretion in determining that alimony should be lump sum rather *233 than by regular installments. The decree of October 30, 1957, which allowed $15,000 lump sum alimony, required one-half of that amount to be paid within 30 days and the remaining half within a year. As the lump sum alimony of $2,500, which was first allowed, had been paid, that left $5,000 to be paid within 30 days after the October 1957 decree, and the balance of $7,500 within a year. The record showed appellant to be possessed of sufficient cash and liquid assets, in addition to his income from the trust, to make the payments ordered by the court without hardship. Further, it was revealed that within a year he would receive his share (valued at more than $200,000) of the corpus of the trust.
It is disclosed that while her petition for rehearing was pending the wife accepted and used the alimony of $2,500 which was awarded her in the first alimony decree. Appellant contends on this appeal that by accepting such benefits of the decree the wife was precluded from seeking a larger amount of alimony on a petition for rehearing. Stoneburg v. Stoneburg, 120 Fla. 188, 162 So. 334, and the concurring opinion of Justice Drew in Brooks v. Brooks, Fla. 1958, 100 So.2d 145, deal with the effect, on a right to appeal from an alimony award, of accepting the alimony pending the appeal. It is sufficient to say in disposition of this point, that the proceeding which was in progress, when the wife accepted the alimony granted her by the first decree, was not an appeal. A proceeding on rehearing based on a petition filed within the time allowed by the rules is a part and continuation of the suit, because the decree does not become final and absolute until after time for rehearing has elapsed, and while a timely and appropriate petition for rehearing remains pending. Ganzer v. Ganzer, Fla. 1956, 84 So.2d 591; McArthur v. McArthur, Fla. 1957, 95 So.2d 521. Compare Kent v. Marvin, Fla. 1952, 59 So.2d 791 (Motion for new trial in law action).
Our review of the record leads us to the conclusion that the chancellor's allowances of alimony and attorneys' fees in this cause were supported by the evidence and justified in the circumstances of the parties as disclosed. The decree appealed from is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.