PER CURIAM.
This appeal is from that portion of a final decree in a divorce action awarding alimony and support for the wife and three minor children and attorney’s fees for the wife’s counsel.
The final decree awarded $100 per week to the wife as alimony and support for herself and three minor children, and in addition required the appellant to make mortgage payments on the marital home, as well as to pay taxes and insurance premiums. The decree further provided that in the event the marital home is sold, then the appellant would be required to pay the sum of $1,300 per year, in equal monthly installments as a rental allowance for the wife and children. The decree contained an award of $1,500 attorney’s fees for the wife’s counsel which was in addition to a prior temporary award of $300.
The appellant urges that the awards of alimony and support and attorney’s fees are excessive and evince an abuse of discretion by the trial judge.
It would belabor the point to cite the many authorities and particularly those of our Supreme Court to the effect that an award of alimony and support as well as attorney’s fees is within the sound judicial discretion of the trial judge. Where an award or awards have been attacked as excessive or as an abuse of discretion, the burden of clearly showing such abuse of discretion is upon the one who complains.
In this instance, the appellant is a young man, 27 years of age, whose income for the six years preceding this divorce action averaged approximately $20,000. Prior to the institution of this action, the appellant had been giving his wife a $450 per month allowance, and in addition had paid other sums for clothing, mortgage payments, taxes and insurance. The appellant urges that the awards should have been predicated upon his salary income for the year 1956, which was $8,600, *598 and that this amount is a true reflection of what his prospective income will be due to disability resulting from an unfortunate injury. The trial judge, however, appears to have fully considered the prior earning capacity of the appellant, his unfortunate disability and his present earning capacity. Under these circumstances, we cannot say with any degree of certainty that a clear showing of abuse of discretion has been made. It may be that the present award of alimony and support, together with the further prospective award if the home is sold, may work a hardship or burden upon the appellant, but in such event, he has appropriate recourse for reduction under § 65.15, Fla.Stat., F.S.A.
Accordingly, the decree appealed from is affirmed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.