114 So.2d 516 (1959)
Chester S. DEIGAARD, Appellant,
v.
Ethel E. DEIGAARD, Appellee.
Nos. 59-46, 59-88.
District Court of Appeal of Florida. Third District.
September 24, 1959.
Rehearing Denied October 12, 1959.
*517 George J. Baya, Miami, for appellant.
Sanford M. Swerdlin, Miami, for appellee.
HORTON, Chief Judge.
The chancellor entered a final decree of divorce in favor of the appellee-wife which, inter alia, contained a provision for the payment by the husband to the wife of the sum of $75 per week as support and maintenance, together with a lump sum of $5,000 as post demise alimony in the event of the husband's death prior to the remarriage or death of the appellee-wife, $25 per week support for a minor daughter, the establishment of a trust fund, in the amount of $8,400, for the use and benefit of a minor son in defraying expenses of his college education, and allowance to the wife of the sum of $15 per week for his support and maintenance if he should reside with her during the summer months. This trust fund created by the decree was conditioned upon the fact that if the son should discontinue his college education, then the court reserved the right, upon the husband's request, to dispose of any balance of the monies remaining in said trust fund. The wife was required to keep a strict accounting of the disbursements from the trust fund. The chancellor also awarded the wife's attorney a $1,500 fee and costs.
The husband has posed four questions which he considers sufficient to warrant a reversal of the decree. In summary, these contentions are: (1) that the amounts awarded as alimony were excessive; (2) that an award of post demise alimony was without legal basis; (3) that the chancellor was without authority to require the father to provide his son with a college education; and (4) that the attorney's fee was excessive.
We conclude that the appellant's first contention, i.e., the awards of alimony were excessive, is without substantial merit. The record discloses that the appellant's earnings from a partnership operating a wood-treating business, and the standard of living which the parties had enjoyed within at least the last three years preceding this action, were sufficient to sustain the awards. Under the circumstances of the parties, as developed by the testimony and exhibits, the chancellor did not, in our opinion, abuse his discretion in making the awards which he did. See Lewis v. Lewis, Fla.App. 1958, 104 So.2d 597; Gilbert v. Gilbert, Fla.App. 1958, 105 So.2d 379.
The second contention of the appellant we think has merit. The chancellor by his decree awarded the wife the sum of $75 per week alimony which, as we have heretofore held, was justified in view of the evidence adduced before him. However, he further provided:
"* * * [I]n the event Defendant shall die prior to Plaintiff's re-marriage or death, then, and in that event, Plaintiff shall have a claim against the estate of the Defendant in the amount of Five Thousand Dollars ($5,000.00) in lieu of post-demise alimony."
The only provision for the award of permanent alimony upon a decree of divorce is found in § 65.08, Fla. Stat., F.S.A., wherein, inter alia, it provides:
"In any award of permanent alimony the court shall have jurisdiction to order periodic payments or payment in a lump sum."
*518 It has been held that a chancellor cannot award both periodic alimony payments and lump sum alimony. See Cocalis v. Cocalis, Fla.App. 1958, 103 So.2d 230, 232. In addition, a divorced husband's liability for alimony generally terminates with his death. There was no expressed contract or agreement between the parties that alimony should continue beyond the life of the husband, and in the absence of statutory authority, we conclude that the decree in this respect is without legal basis. See Allen v. Allen, 111 Fla. 733, 150 So. 237; Underwood v. Underwood, Fla. 1953, 64 So.2d 281; Johnson v. Every, Fla. 1957, 93 So.2d 390. Cf. Simpson v. Simpson, Fla.App. 1959, 108 So.2d 632.
The appellant's third contention revolves around the authority of the chancellor to require appellant to provide his 18-year-old son a college education. The provision of the final decree under attack required the wife to establish a trust fund for the benefit and use of the minor son in an amount equal to monies which were then on deposit in a savings and loan institution in the approximate amount of $8,400. This portion of the decree apparently was an outgrowth of testimony and evidence before the chancellor establishing the fact that the husband had, in May, 1958, deposited the sum of $10,000 in his name, as trustee, with the wife as beneficiary. There were conflicting versions given before the chancellor as to the reasons for the deposit of the $10,000. Testimony disclosed that this deposit by the husband was so the wife could provide an education for the minor children in the event of the husband's death. We have examined the testimony in this regard and conclude that the chancellor's decree was supported by competent substantial evidence. Since the wife had already been designated by her husband as the beneficiary of this amount, the chancellor apparently concluded that the best interests of the minor son would be served by requiring the monies to be established as a trust for his college education. The husband points out, however, that since his son is 18 years of age, or was at the time of the decree, he would be more than 21 years of age at the time he finished the normal four years of college work, and therefore, the chancellor's decree in effect requires the husband to support a child after it has reached its majority. Other than the requirement that the funds in the trust be used for the benefit of the minor son, no other provision was made for his support and maintenance. The $15 per week awarded for the support and maintenance of the son if he should be home in the summers with the wife was not an additional burden upon the husband, but was to be paid from the trust fund. Although the point which the appellant raises, as to the authority of the chancellor to require him, in effect to support the minor son after he has reached his majority, has never been specifically ruled upon in this state, nevertheless we think that under the circumstances reflected by the record of these proceedings, the chancellor, since he is required to see to the best interests of the minors, did not abuse his discretion in requiring the wife, for whose benefit the husband had set up the trust fund, to apply those funds toward a college education for the minor son of the parties. See Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754, 756. Cf. Mooty v. Mooty, 131 Fla. 151, 179 So. 155, 158.
The appellant lastly contends that the attorney's fee allowed was excessive, basing this contention upon the fact that counsel for the wife pursued needless procedures and did unnecessary work for which he should not be compensated, nor should appellant be so penalized. The record in this cause comprises almost 600 pages with numerous exhibits. This record fails to indicate to us that the chancellor abused his discretion in the award of attorney's fees and in the absence of a showing by the appellant of such abuse, we conclude that the decree in that respect is without error. Lewis v. Lewis, supra; and Gilbert v. Gilbert, supra.
*519 The appellee-wife has filed a cross appeal with assignments of error. Her principal contentions on cross appeal are the failure of the chancellor to (1) award her more than $75 per week alimony and $25 per week support for a minor daughter; (2) award her additional costs for expert technical assistance and discovery proceedings; and (3) award her attorney additional fees. All of these contentions have been considered in the light of the record, briefs and oral argument and are found to be without merit.
In view of the opinions expressed herein, the final decree appealed, insofar as it awards to the appellee-wife the sum of $5,000 as post demise alimony, is reversed. In all other respects, said decree is affirmed.
Affirmed in part and reversed in part.
PEARSON and CARROLL, CHAS., JJ., concur.