CARROLL, CHAS., Judge.
The appellant Claudine Harrison filed suit for separate maintenance in the circuit court in Dade County against the ap-pellee Angus D. Harrison. He answered, and counterclaimed for divorce on. the grounds of extreme cruelty and habitual indulgence in violent and ungovernable temper. Trial before the chancellor resulted in a final decree granting the husband a divorce on his counterclaim, with provisions relating to custody and support of the children and alimony. The wife has appealed from the decree and the husband filed certain cross assignments of error.
First, it is the contention of the appellant that the decree of the chancellor, granting a divorce to the husband on his counterclaim and denying her suit for separate maintenance, is not supported by the record and is contrary to the manifest weight of the evidence. Our examination of the record reveals adequate evidentiary support for the decree granting the divorce to the defendant husband on his counterclaim, and we see no necessity to restate such evidence here.
The appellant contended that the allowances for alimony and child support were inadequate. Under a cross assignment of error the appellee made the counter-contention that such allowances were excessive. Consideration of. these questions bearing on the amount of alimony and support must include a consideration of the further provision of the decree which awarded the wife a half interest in the property which was the residence of the parties, and which was owned by the husband, and to which ruling of the chancellor the husband directed a cross assignment of error.
The provision of the decree for transfer to the wife of a half interest in this residence belonging to the husband, together with provisions in the decree for the continued use of the residence by the wife and the children, restrictions on sale and encumbrance thereof, and for substitution by the husband of another residence for their use in the event the present one should be disposed of, show that arrangements for the housing of the wife and the children were a material part of the decree for their support and maintenance.
In thus awarding to the wife a half interest in the residence owned by the husband, in addition to ordering payment of alimony in installments, the learned chancellor was in error. It has been held that where a divorce decree provides for the payment of permanent alimony in periodic installments, a lump sum award of alimony may not be added. See § 65.08, Fla.Stat., F.S.A.; Yandell v. Yandell, Fla. 1949, 39 So.2d 554; Deigaard v. Deigaard, Fla.App.1959, 114 So.2d 516. There was no basis, other than as lump sum alimony, for awarding the wife an interest in this property, which was owned by the husband prior to the marriage of the parties. The wife held no record interest. She did not allege or prove any contribution or equity in the property, such as could have supported an award to her of an interest therein. See Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537; Benson v. Benson, Fla.App.1958, 102 So.2d 748, 753; Wood v. Wood, Fla.App.1958, 104 So.2d 879.
It is well established that the awarding of alimony and child support is a matter in the discretion of the chancellor, to be exercised according to the circumstances of the case and on settled principles as to the needs of the wife and children for *711 their maintenance and support and the financial ability of the husband to supply such needs. On reviewing the conflicting contentions of the parties as to the provisions of this decree for those purposes, we reach the conclusion that no abuse of discretion by the chancellor is shown.
Since it becomes necessary to reverse the portion of the decree awarding an interest to the wife in the residence, and because the monetary amounts of alimony and child support awarded by the chancellor may have been influenced by that additional partial lump sum award, as well as by the provision for continued use of the residence by the wife and the children, the cause will be remanded for re-evaluation by the chancellor of the alimony and child support, dependent upon the provisions which the chancellor may make for housing the wife and the children.
In the interest of clarity, and for the assistance of the chancellor and the parties in further proceedings in this matter, it is recognized that as the residence property will be owned solely by the husband, the chancellor may or may not make provision for such premises to be supplied to the wife and children as the place for their continued residence (§ 65.14 Fla.Stat., F.S.A.), or that the chancellor may make other provision for their housing, or make such revision of the alimony and child support because of their needs in that respect as the court may find from the circumstances of the parties shall be necessary and proper.
By the final decree the custody of the two children, a boy aged 12 and a girl aged 11 years, was awarded to their mother, the appellant. The father was given the right of reasonable visitation, and partial custody “for a continuous six weeks’ period of time during the summer vacation time of each year.” Appellant challenges the correctness of this ruling giving the father custody for six weeks in the summers. Appellant’s argument on this factor was stated in the brief as follows:
“The final decree, paragraph 3, giving the appellee six weeks’ continuous temporary custody during the summer prohibits the children from enjoying trips out of the state to North Carolina, Canada, etc., to summer camps or as guests of friends. This portion of the decree is against the best welfare of the children.”
It is obvious that a six weeks’ period in the summer for which the father is allowed to have the children is approximately one-half of the total period of summer vacation from school. The fact that the children could go to camps, or take trips and visit friends out of the state, for the remaining six weeks of summer vacation makes that argument of appellant ineffective. Also, such mentioned usual summer activities of the children, to the extent deemed advisable for them, could be allowed as well by the father while he had them for six weeks temporary custody. Appellant has advanced no argument, and made no showing to support the contention that the chancellor abused his discretion with reference to the provisions of the decree relating to visitation and partial summer custody in the father. This court recently approved a similar provision in a divorce decree for partial custody given to a father for a substantial period during summer vacations, in the case of Metz v. Metz, Fla.App.1959, 108 So.2d 512, 514, where we said:
“A large portion of appellant’s argument is directed to the wisdom of the divided custody order and that provision in the order which allows the father to remove the child from this state. However, it is not our function to reassess the factors which determined the chancellor’s decision, so long as we find testimony in the record sufficient to support the conclusion of the chancellor that the welfare of the child will best be served by allowing both her parents to share in her custody. See Frazier v. Frazier, 109 Fla. *712 164, 147 So. 464. It is further apparent that having made such a determination it is not an abuse of discretion for the chancellor to provide for the father to have his daughter with him in his own home during a part of the summer vacation.”
We have given consideration to other questions raised by the parties, directed to certain minor features of the decree, and have determined that such questions are without merit.
The decree is affirmed in part and reversed in part, and the cause is remanded for further proceedings not inconsistent with the foregoing opinion.
Affirmed in part and reversed in part.
HORTON, C. J., and PEARSON, J., concur.