WIGGINTON, Chief Judge.
This is an interlocutory appeal from an order granting defendant’s petition for rehearing in a divorce action.
Within the time permitted by the rule after entry of final decree, appellee filed a petition for rehearing as to those matters covered by the decree touching the care, custody, control of and support for the minor children of the parties, and the use of the family home which had been awarded appellant until further order of the court. The chancellor, in the exercise of his discretion, granted the petition for rehearing only as to' the matters above-mentioned. The petition was addressed to the sound discretion of the court upon the facts alleged therein, and appellant has failed to demonstrate an abuse of discretion in the granting of the petition. The order appealed from must therefore be affirmed.[1]
We deem it necessary and appropriate to take this opportunity of bringing to the attention of the Bar in this District the requirement of Florida Appellate Rule 3.7, subd. f(l), 31 F.S.A., which provides that the brief shall contain: “A citation of authorities. The volume and page of both the official state and West Publishing Company Reports to be given when available.”
The briefs filed by both appellant and appellee in this cause cite numerous decisions rendered by the Supreme Court of Florida, which citations are identified only by reference to the page and volume where they appear in the West Publishing Company Reports. Upon the organization of the District Courts of Appeal on July 1, 1957, this court was furnished with a long since discarded set of the official state reports, including volumes 1 to 160, inclusive. This set of reports is the only source available to this court for use in researching decisions rendered by the Supreme Court of Florida prior to the year 1949. Appropriations made by the Legislature for the acquisition of a library to be used by this court has never included sufficient funds to enable the replacement of the official Florida Reports with a complete set of Southern Reporter published by West Publishing Company. When counsel cites decisions of the Florida Supreme Court rendered prior to 1949 by reference only to the West Publishing Company Reports, the work of this court in correlating such citations with the official Florida Reports is greatly enhanced. Although we have never permitted this increased burden to influence our consideration of cases sub *52 mitted to the court for its decision, the necessity for compliance by the Bar with the provision of the rule requiring citations to include both the official Florida Reports and the West Publishing Company Reports is clearly apparent.
Interlocutory appeal dismissed.
STURGIS and CARROLL, DONALD, JJ., concur.

. Cocalis v. Cocalis, Fla.App.1958, 103 So.2d 230.