126 So.2d 165 (1961)
Mabel Moon BAILEY, Appellant,
v.
George Thomas BAILEY III, Appellee.
No. 60-238.
District Court of Appeal of Florida. Third District.
January 23, 1961.
*166 Carr, Warren & Dressler, Miami, for appellant.
Redfearn, Ferrell & Simon and Milton M. Ferrell, Miami, for appellee.
PER CURIAM.
The appellee, George Thomas Bailey III, sued the appellant, his wife Mildred Moon Bailey, for divorce on the ground of extreme cruelty (§ 65.04(4), Fla. Stat., F.S.A.). The wife answered and, charging the husband with extreme cruelty, counterclaimed for alimony without divorce (§ 65.09, Fla. Stat., F.S.A.), and for custody and support of the children.
The cause was tried before the chancellor. The husband was granted a divorce. The wife's counterclaim for separate maintenance was denied, but she was awarded custody of the children, child support, and alimony.
As a lump sum award, the decree transferred to the wife the undivided interest of the husband in their residence valued at $60,000, which they owned as tenants by the entireties. The decree also required the husband to pay alimony in installments of $500 per month. Child support was fixed at $75 per month for each of the four children. The defendant's attorney fees were allowed, and the court costs were charged to the plaintiff.
The wife appealed, contending that the rulings which found that she, and not her husband, was guilty of extreme cruelty were contrary to and not supported by the evidence. The chancellor reached his decision on conflicting testimony, and our study of the record reveals there was ample competent evidence to sustain him. No useful purpose would be served by a discussion of the evidence. Appellant also contended the amounts allowed for alimony and child support were "insufficient and contrary to the evidence." Though the allowances were somewhat less than appellant represented she required, the fixing of such amounts was discretionary, and abuse of discretion is not shown.[1]
By a cross assignment of error the husband challenged the provision of the decree which divested him of his interest in the residence, and transferred it to the wife. Having owned it as tenants by the entireties, the parties became equal owners thereof as tenants in common upon entry of the decree,[2] and they were entitled to have the property so continue.[3]
A husband's interest in property may be granted to his wife as lump sum alimony,[4] but not where alimony in installments also is awarded.[5] The chancellor in his decree made it clear that one purpose in granting the wife the husband's interest in the property was for her and the children to use it as a home and thus to aid in their support and maintenance. On remand, provision should be made for continued use of the premises by the wife and children, together with such order as may appear appropriate to the chancellor to assure the upkeep of the property by the husband, and to restrict alienation by the *167 parties of their respective interests in the property while so used.
Paragraph No. 3 in the final decree, which provided for transfer to the wife of the husband's interest in the furnished residence property therein described, is reversed. In other respects the decree is affirmed; and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part and remanded.
PEARSON, Acting Chief Judge, CARROLL, CHAS., J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.
NOTES
[1] Astor v. Astor, Fla. 1956, 89 So.2d 645; Lewis v. Lewis, Fla.App. 1958, 104 So.2d 597.
[2] § 689.15 Fla. Stat., F.S.A.; Reid v. Reid, Fla. 1954, 68 So.2d 821; Kilian v. Kilian, Fla.App. 1957, 97 So.2d 201; Latta v. Latta, Fla.App. 1960, 121 So.2d 42; Brown v. Brown, Fla.App. 1960, 123 So.2d 298.
[3] Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Benson v. Benson, Fla.App. 1958, 102 So.2d 748. Cf. Eakin v. Eakin, Fla. 1958, 99 So.2d 854.
[4] Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754; Reid v. Reid, supra, note 2; Halberstadt v. Halberstadt, Fla. 1954, 72 So.2d 810; Kilian v. Kilian, supra, note 2; Cocalis v. Cocalis, Fla.App. 1958, 103 So.2d 230.
[5] See § 65.08 Fla. Stat., F.S.A.; Yandell v. Yandell, Fla. 1949, 39 So.2d 554; Cocalis v. Cocalis, supra, note 4; Deigaard v. Deigaard, Fla.App. 1959, 114 So.2d 516; Harrison v. Harrison, Fla.App. 1959, 115 So.2d 709.