RAWLS, Judge.
A final decree of divorce was rendered by the Circuit Court of Walton County in favor of plaintiff, Mamie Ruth May, salient portions of said decree being as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the bonds of matrimony heretofore and now existing between the parties hereto be and the same are hereby forever dissolved and each released therefrom; that by way of permanent alimony the defendant shall within 10 days of this date execute and deliver to the plaintiff a good and sufficient deed to the property referred to in the stipulation attached to the original complaint as ‘the home of the parties hereto located at Choctaw Beach, Florida’; that the defendant pay or cause to be paid by allotment or otherwise the sum of $157.10 per month for three successive months beginning October 15, 1961, and thereafter the sum of $100.00 per month for her support and maintenance; and that defendant pay to counsel of record for plaintiff within 60 days from the date of this decree a fee of $100.00 and costs of this proceeding.”
Appellant correctly asserts on appeal that since the wife was awarded the home as lump sum permanent alimony, she could not also be awarded periodic payments. The law on this question is clearly stated in § F.S. 65.08, F.S.A.[1] and amply construed in numerous cases.
It is well established that the awarding of alimony is a matter in the discretion of the Chancellor to be exercised according to settled principles and the circumstances of the case as to the needs of the wife and the financial ability of the husband.[2] It is also discretionary with the Chancellor to determine whether such ali *112 mony shall be paid in a lump sum or in periodic payments,[3] but a Chancellor cannot award both periodic alimony payments and lump sum alimony.[4] Some cases have indicated that the better practice is to grant alimony in periodic payments unless special circumstances indicate otherwise.[5] However, as previously noted the matter is within the discretion of the Chancellor.
Bailey v. Bailey[6] is directly in point. There, the Chancellor directed the husband to convey his one-half interest in the parties’ home to his wife, and also ordered him to pay her alimony in monthly installments. In reversing this portion of the final decree, the Court held that a husband’s interest in property may be granted to his wife as lump sum alimony, but not where alimony in installments also is awarded. The same conclusion was reached in Harrison v. Harrison, supra, and we quote therefrom for the guidance .of the Chancellor in the instant cause:
“Since it becomes necessary to reverse the portion of the decree awarding an interest to the wife in the residence, and because the monetary amounts of alimony and child support awarded by the chancellor may have been influenced by that additional partial lump sum award, as well as by the provision for continued use of the residence by the wife and the children, the cause will be remanded for re-evaluation by the chancellor of the alimony and child support, dependent upon the provisions which the chancellor may make for housing the wife and the children.
“In the interest of clarity, and for the assistance of the chancellor and the parties in further proceedings in this matter, it is recognized that as the residence property will be owned solely by the husband, the chancellor may or may not make provision for such premises to be supplied to the wife and children as the place for their continued residence (§ 65.14 Fla.Stat., F.S.A.), or that the chancellor may make other provision for their housing, or make such revision of the alimony and child support because of their needs in that respect as the court may find from the circumstances of the parties shall be necessary and proper.”
It does not appear that a stipulation was “attached to the original complaint” as stated by the final decree. However, the record on appeal reflects that at a hearing before the Chancellor on appellee’s application for temporary alimony the parties dictated into the record a stipulation whereby appellant agreed to convey to appellee the “home” referred to in the final decree within ten days after rendition of a decree of divorce in this cause. The final decree herein does not in terms ratify or confirm the stipulation and the difficulty here arises from the fact that it is not clear from the decree whether the “home” property passes pursuant to the stipulation or otherwise. If such is the case, the provisions for periodic payments of alimony are proper and the property conveyance ordered by the decree would merely implement the stipulation and have no bearing on the question of appel-lee’s right to such periodic payments of alimony. There is nothing in the record to indicate that the stipulation was not approved and the implication of the decree is that the Chancellor undertook to carry the stipulation into effect. However, if it was the' purpose of- the decree to award the home to the appellee as a lump settlement of alimony, notwithstanding the stipulation, then it was error to also require periodic *113 payments of alimony. The law and justice of this case requires that the decree be made clear in this behalf.
So much of the final decree as relates to alimony is hereby vacated, and in all other respects the decree is affirmed. This cause is remanded with directions to enter a supplemental decree fixing the alimony to which appellee is entitled under the facts and consistent with the views herein expressed.
Reversed in part, affirmed in part, and remanded with directions.
WIGGINTON, Acting Chief Judge, and STURGIS, J., concur.

. “In every decree of divorce in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and nature of the case may be fit, equitable and just; but no alimony shall be granted to an adulterous wife. In any award of permanent alimony the court shall have jurisdiction to order periodic payments or payment in a lump sum.”

. Harrison v. Harrison, 115 So.2d 709, 710 (Fla.App.1959).

. Rubinow v. Rubinow, 40 So.2d 561, 562 (Fla.949).

. Deigaard v. Deigaard, 114 So.2d 516, 518 (Fla.App.1961).

. Goode v. Goode, 76 So.2d 794 (Fla.1954); Reid v. Reid, 68 So.2d 821 (Fla.1954).

. Bailey v. Bailey, 126 So.2d 165 (Fla.App.1961).