PER CURIAM.
Following the decision and mandate of this court in Glasser v. Glasser, Fla.App. 1965, 178 So.2d 749, the chancellor reconsidered the award of lump sum and periodic alimony. The appellant-wife has brought this interlocutory appeal, seeking review of the chancellor’s award, wherein in light of the redistribution of the assets of the parties he denied her lump sum alimony and the nominal periodic award which she had originally obtained.
The fixing of the amount of alimony and whether it is to be periodic or a lump sum, is a matter within the discretion to be soundly exercised by a chancellor. See: Rubinow v. Rubinow, Fla.1949, 40 So.2d 561; Pross v. Pross, Fla.1954, 72 So.2d 671; May v. May, Fla.App.1962, 142 So.2d 110; Smith v. Smith, Fla.App. 1965, 177 So.2d 351. We find no error in the chancellor’s failure to award a lump sum as alimony and affirm this portion of his decree on mandate. However, we fail to find any basis in the record to support his disallowance of the nominal periodic award and, therefore, to this extent his decree on the mandate is reversed with directions to reinstate the rights of the wife to periodic alimony, as affixed in the amended final decree in this case dated January 8, 1965.
Affirmed in part, reversed in part with directions.