208 So.2d 876 (1968)
Emily Loraine MILANDER, Appellant,
v.
Henry A. MILANDER and Henry Robert Milander, a Minor, Appellees.
Nos. 67-547, 67-548.
District Court of Appeal of Florida. Third District.
April 9, 1968.
Frates, Fay, Floyd & Pearson and James D. Little, Miami, for appellant.
Dan Chappell, Miami, for appellees.
Before BARKDULL, HENDRY and SWANN, JJ.
HENDRY, Judge.
This cause was initiated upon appellant's complaint for divorce. The parties were married in 1928, and have resided in Dade County since that time. One child, a son, was born of the marriage. In 1951, while he was still an infant, the child was stricken with rheumatic fever, as a result of which he has suffered a condition known as a rheumatic heart. In order to provide for the future security of the child, the parties established a trust in 1956, naming the son as beneficiary and appellee as trustee. In order to provide a trust res, jointly owned property was transferred to the appellee as trustee. At the time of its creation, the trust was valued at approximately $2,000.00. Since 1956, appellee has invested the trust assets and continued to donate certain of his own property to the trust. The estimated worth of the trust at the time of the trial was between $150,000.00 and $250,000.00.
Appellant was granted a divorce. At trial, she offered evidence that her living *877 expenses were a minimum of $1,315.00 per month. The chancellor awarded appellant lump sum alimony of $3,000.00 cash, a 1964 Lincoln Continental automobile, and two parcels of real property in Dade County, as well as periodic alimony of $420.00 per month. In the same order, a separate suit filed by appellant as an attack upon the trust was dismissed. The chancellor reserved ruling upon the issue of custody of the child.
By this appeal, appellant seeks review of the final decree in regard to the adequacy of the amounts awarded as alimony. It is appellant's contention that the chancellor erred in refusing to consider the trust corpus as an asset of the appellee's estate in determining the amount to be awarded as alimony, and that, notwithstanding this reduction in the value of the appellee's estate, the chancellor abused his discretion in awarding only $420.00 per month in view of the evidence presented by appellant at trial.
It is well established that the awarding of alimony and the amount thereof are matters within the discretion of the chancellor. That discretion will be exercised according to the circumstances of the case upon settled principles as to the needs of the wife and the ability of the husband to pay. In order to secure a reversal of any portion of the final decree dealing with alimony, the appellant must carry the burden of showing an abuse of discretion. Pross v. Pross, Fla. 1954, 72 So.2d 671; Smith v. Smith, Fla.App. 1965, 177 So.2d 351; Putman v. Putman, Fla.App. 1963, 154 So.2d 717; May v. May, Fla.App. 1962, 142 So.2d 110; Harrison v. Harrison, Fla.App. 1959, 115 So.2d 709. Appellant is correct in her assertion that the nature and extent of the husband's capital assets are factors which enter into a determination of the ability of the husband to pay. Chastain v. Chastain, Fla. 1954, 73 So.2d 66; Fleming v. Fleming, Fla.App. 1965, 177 So.2d 384; Gaer v. Gaer, Fla.App. 1964, 168 So.2d 789. However, we are of the opinion that the appellant has failed to establish the one fact which must of necessity constitute the basis of her contention, that is that the trust corpus is a capital asset belonging to the appellee.
The decree appealed contains the following statement:
"* * * Further, the plaintiff, Emily Loraine Milander has not shown that she is entitled to have the subject trust dissolved or disturbed by virtue of the alleged misuse of the trust."
Appellant relies almost exclusively upon the above language to sustain her contention. But, that statement in no way reflects a refusal on the part of the chancellor to consider the value of the trust corpus as an indication of the appellee's ability to pay, and the record is otherwise silent upon the subject. Having found that appellant is unable to substantiate her contention, we deem it unnecessary to rule upon the substantive validity of that contention.
We find no abuse of discretion; therefore, the decree appealed is affirmed.
Affirmed.