CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in an action for alimony payments against the estate of her former husband has appealed from an order and final judgment entered by the Circuit Court for Escambia County dismissing her complaint.
The basic question presented for our determination in this appeal is whether under the law of this state a former wife, who was awarded alimony payments in a final decree of divorce, is entitled to maintain an action for a continuation of such payments against her husband’s estate after his death.
The plaintiff’s complaint alleges that she and Gresham Talmadge Farrar were married in 1942 and lived together as man and wife until they were divorced on January 20, 1966, by a final decree entered by the said court; that they entered into an agreement dated January 17, 1966, whereby they agreed that the husband would “pay Mrs. Farrar as alimony” a certain sum “per month commencing February 1, 1966. This alimony will cease upon the death or remarriage of Mrs. Farrar * * that this agreement was incorporated in the final decree; that the said alimony payments were made in February, March, April, May, and June of 1966, but were not made in July, 1966, or in any subsequent month; that the husband died on June 25, 1966; and that the plaintiff filed a claim for the payments due in Farrar’s estate, but her claim was objected to by the defendant administrator of the estate and by Farrar’s widow.
To this complaint the defendants filed a motion to dismiss, which the Circuit Court granted in the order and final judgment appealed from herein, holding that the motion is well founded upon the rule recognized by the Supreme Court of Florida in In re Estate of Freeland, 182 So.2d 425 (1966).
In the Freeland case our Supreme Court held:
“By weight of authority and in this state, alimony awarded by a chancellor terminates upon the death of either of the parties or upon the remarriage of the wife. The exception to the general rule is allowed where there is a contract or an agreement clearly evidencing the intention of the husband to bind his estate to continue payments in the nature of alimony after his death.”
Since in the complaint before us there is no allegation of an agreement clearly evidencing the intention of Farrar to bind his estate to continue payments in the nature of alimony after his death, we agree with the Circuit Court’s said holding that the plaintiff’s complaint fails to state a cause of action against the estate.
To the same effect see the Florida Supreme Court’s decision in Underwood v. Underwood, 64 So.2d 281 (1953), stating: “By its very nature, alimony is limited to the lifetime of the husband.” In our opinion, the provision quoted above from the agreement entered into between the plaintiff and her husband provide for “alimony” in the legal sense of the word.
Our sister courts of appeal have likewise recognized the above-discussed doctrine. *679 For instance, the District Court of Appeal, Third District of Florida, said in Deigaard v. Deigaard, 114 So.2d 516 (1959): “* * a divorced husband’s liability generally terminates with his death.”
Accordingly, upon the authority of the rule recognized in the above decisions, we hold that the Circuit Court correctly dismissed the plaintiff’s complaint in the order and final judgment appealed from herein, and so they must be and they are
A „ Affirmed.
RAWLS and JOHNSON, JJ., concur.