97 So.2d 201 (1957)
John V. KILIAN, Appellant,
v.
Dorothy R. KILIAN, Appellee.
No. 57-120.
District Court of Appeal of Florida. Third District.
October 3, 1957.
*202 J.R. Bates, Miami, for appellant.
Bernard Berman, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
A final decree awarded the appellee Dorothy R. Kilian a divorce, a half interest in a business of the parties, and the husband's interest in their jointly owned furnished home.
The appeal challenges only that portion of the decree awarding to the wife the husband's share of the home as lump sum alimony.
The appellant's contention, that the interest in the property held by the husband and wife in an estate by the entireties could not be the subject of lump sum alimony to his wife, is without merit. Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754; Reid v. Reid, Fla. 1954, 68 So.2d 821; and Halberstadt v. Halberstadt, Fla. 1954, 72 So.2d 810.
In Reid v. Reid, supra, 68 So.2d at page 822, the Supreme Court speaking through Mr. Justice Thomas, settled that question as follows:
"The first question may be simply stated: Did the chancellor have the power to command the appellant to convey his interest in the property which was held as an estate by the entireties at the time the decree was entered?
"We have so frequently dealt with such an estate that there is no occasion to pause here to repeat our definitions. It is sufficient to say that the interests of the parties, who must have been man and wife for such an estate to have been created, became crystallized by a dissolution of the union. At once they became `tenants in common.' Sec. 689.15, Florida Statutes 1951, and F.S.A., each owning an undivided one-half interest in the property.
"Clearly, under Sec. 65.08, Florida Statutes 1951, and F.S.A., the chancellor had the power to order payment of alimony `in a lump sum.' He had also the power to require the conveyance by the husband to the wife of real property owned entirely by the husband. See Bezanilla v. Bezanilla, Fla., 65 So.2d 754. If the chancellor can order the conveyance of property the husband owns outright there is no reason to hold that he cannot order the man to convey to the woman his undivided interest in property they own as tenants in common."
The contention that the allowance of alimony was an abuse of discretion, likewise is without merit, and appellant has failed to sustain the burden of showing an abuse of discretion on the record. See Astor v. Astor, Fla. 1956, 89 So.2d 645, 648, and Lauderdale v. Lauderdale, Fla.App., 1957, 96 So.2d 663, 665.
The record on appeal shows that their acquisition of the home and of the small business (doughnut shop) was through contributions of both parties; that the doughnut shop had become a losing proposition; that the husband was able-bodied and was *203 able to support himself; that the wife was in need of support, the amount of which she estimated at $25 a week; and the equity in the home was shown to be $4,000.
In view of the picture presented by the record we think the chancellor was authorized under Section 65.08, Florida Statutes 1955, F.S.A., to enter the order he did. He had power to make a lump sum award for alimony. Both parties appear satisfied with the divorce and in sharing the business. The lump sum alimony award, approximating $2,000 in value, is equivalent to "permanent" alimony at $25 a week for a period of less than two years. We find no basis in the record to disturb the alimony decreed by the chancellor.
Accordingly, the decree appealed from should be, and hereby is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.