■THOMAS, Justice.
The appellees filed a bill of complaint containing a prayer that the appellants be enjoined from acting under a certain building permit and required to remove structures before that time erected. They also sought a decree directing the building inspector of the City of West Palm Beach to cancel appellants’ permit and declaring an ordinance of the city No. 524, invalid so far as it placed in Zone District M-l appellants’ property, described as Lots 5 and 6, Block 16, Freshwater Addition.
The appellees own Lot 4 of Block 16, which adjoins appellants’ Lot 5, and occupy it as a residence. Under the ordinance this parcel was put in Zone R-3 and could be used as a site for a building accommodating two families, while the adjacent property of the appellants could be used as a location for light industry. The ordinance was enacted in 1954.
It was charged that all the property in the particular area, except appellants’ two lots and two others not necessary to> describe, was restricted to single or two-family dwellings.
In 1954, to continue an analysis of the averments of the bill, the appellants applied to the city for a permit to remodel, enlarge and complete a building on Lots 5 and 6 which they started to erect in 1948 for use as a storage yard, office and garage. The building was to be 100 x 148 feet and 14 feet in height. The permit was issued and the work was in progress at the time this suit was commenced. The concrete wall had been built and, according to the allegations of the bill, it was higher than the roof of appellees’ home located on adjoining Lot No. 4. Parenthetically, the importance of the height of this wall will clearly appear when, eventually, we reach a discussion of the effect of an apparent amendment of the decree when the petitions for rehearing *624 were denied. The size of the wall was said by appellees to menace their health by shutting out air and sunshine, and their welfare by depreciating the value of their property.
The appellees attacked the validity of the ordinance on the grounds that it constituted spot zoning, and amounted to discrimination against them and favoritism to appellants, was unreasonable and arbitrary, and bore' no substantial relationship to health, safety or welfare of the public. Furthermore, they complained, the privilege granted appellants would result in a nuisance of such grievous nature that they would not be able to live in their home.
In order better to understand the factual situation, we should give a chronology of the several stages of the property of the appellants during the relevant years, from 1945 until 1954 as this history is obtained from the whole record. In the first of these years it was located in an industrial zone and during this time the wall, to which we have alluded, was built to a height of six feet three inches. In 1947 the territory was re-zoned and the property was designated Class C which restricted it to use as a residential site. On 22 March 1948, despite this change in zoning and its effect on the property of the appellants, they were granted a permit to complete the structures begun in 1945. Ten days later the work was stopped by the city building inspector.
After considering the pleadings and evidence, the chancellor held the ordinance invalid so far as it related to appellants’ two lots and ordered cancelled the permit issued in 1954. He decided, however, that appellants could continue the non-conforming use of their property the same as they had done before the passage of the ordinance, adding that they were “enjoined from further construction * * * other than such construction as is allowed a nonconforming use by ordinance.” He declined, however, to require the appellants to raze the structures erected on the property subsequent to 22 March 1948 because, apparently, he concluded that the appellees had been guilty of laches by failing to prosecute a suit entered in 1949 to enforce removal of the structures, which suit was dismissed in 1951 for want of such prosecution.
The decree was entered 6 March 1956. Ten days later the plaintiffs, now appellees, filed a petition for rehearing on three grounds by one of which they urged that the defendants should be required to restore their building to the stage of construction it had reached in April 1948 when the work was halted by the building inspector. This petition was timely filed under Rule 3.16, 1954 Rules of Civil Procedure, 31 F.S.A.
The defendants, now appellants, filed 20 March 1956, four days beyond the period allowed, a petition for rehearing based on the grounds only that the decree was contrary to the law and contrary to the facts of the case.
On 18 April 1956 the chancellor entered an order containing the recital that “an undue amount of time [had] elapsed since the completion of certain structures on the west side of the premises in question” and there had been such delay presumably on the part of the appellees as “would render it inequitable to require defendant[s] to take away such portion of completed structures and leave the same incomplete.” He added that “[o]n the other hand, since the east wall is incomplete and more directly affects plaintiffs’ premises, it would be equitable to require defendants to reduce the height of the east wall to six feet three inches as originally constructed.” So he decreed “that the respective motions for rehearing be denied and that the defendants reduce the height of the east wall * * * to six feet three inches.” (Italics supplied.)
Then the appellants, who had filed their petition for rehearing four days too late, appealed from the order denying the petitions and modifying the final decree to the extent we have described.
*625 The appellants pose one question, that is “[w]hether or not * * * the zoning of a small area in which are permitted uses different from or inconsistent with those permitted by the zoning in a larger surrounding area is valid.”
Before approaching an answer we must determine whether or not the appellants are positioned to present the question. Their petition for rehearing not having been filed within the time allowed by the rule did not deserve consideration by the court. The appellees, who prevailed in the main and were granted the relief they sought except a mandatory injunction, did file a timely petition for rehearing. The ruling eventually made, on the only petition properly before the court was favorable to appellees because by it the court did cause a reduction of the height of the wall adjoining their property although the order embodied no reference at all to an amendment of the final decree.
So we have an anomalous situation. The appellants are attempting to attack a final decree entered 6 March 1956 from which no appeal has ever been taken. The notice of appeal they filed came 101 days later and was taken, as we have already written, from the order denying the petitions for rehearing. Even if the appellants could be said to have advantage of the rule that a petition for rehearing suspends the running of the time within which a notice of appeal must be lodged, the appeal must be taken from the decree and not from the order on the petition for rehearing.
In their assignment of error the appellants charge that the court erred in denying their petition for rehearing because it was based on the grounds that the final decree was contrary to the law and contrary to the facts of the case, the language to which we referred at the outset, and that the court committed error by entering the final decree, and by denying a motion to dismiss filed by them early in the case. It is obvious, then, that the appellants by a belated petition for rehearing and an appeal from an order on it are attempting to bring to this court a final decree from which they did not appeal. This they may not do. Hollywood, Inc., v. Clark, 153 Fla. 501, 15 So.2d 175.
Even so, we have studied the question whether or not the reference to the wall in the order on the petitions for rehearing amounted to such an amendment as would form a basis for the question presented in appellants’ brief despite the failure of the appellants to appeal from the decree instead of the order. We conclude that the modification, which related only to the wall, was not of such character as could bring to us for review the question originally presented and decided, whether or not the zoning ordinance was valid.
We recapitulate. The appellants had been permitted to build a wall around their property to a height of six feet three inches before the present zoning ordinance became effective. They attempted to increase the height of the wall when their property was placed in an M-l district permitting construction of buildings to be used in light industry. When the chancellor held in his decree in the present case that the ordinance was invalid he qualified the ruling by decreeing that the appellants could, nevertheless, continue as a non-conforming user in the same manner as they were proceeding before enactment of the ordinance. As we construe this part of the decree as eventually amended, the appellants were by it permitted to maintain the east wall at a height of six feet three inches. Plainly the reference to the wall in the order on petitions for rehearing was prompted by equitable considerations.
This case is one of those retained by this court under Sec. 26(6) of the amendment to Article V of the Constitution, F.S.A. approved 6 November 1956, effective 1 July 1957.
We conclude that in the state of this record we are not obliged to answer appellants’ question, and, therefore, in the sb- *626 sence of any showing that the chancellor erred, the decree is — ■
Affirmed.
TERRELL, C. J., and HOBSON, ROBERTS and O’CONNELL, JJ., concur.
DREW, J., concurs specially.