112 So.2d 63 (1959)
Rodney O. BELL, Appellant,
v.
LaVerne W. BELL, Appellee.
LaVerne W. BELL, Appellant,
v.
Rodney O. BELL, Appellee.
Nos. 58-380, 58-676.
District Court of Appeal of Florida. Third District.
May 14, 1959.
Rehearing Denied June 1, 1959.
*64 Mason & Foster, No. Miami Beach, for Rodney O. Bell.
Simons & Simons, Miami, for Laverne W. Bell.
PEARSON, Judge.
Two appeals between these parties are now lodged in this court. They were argued separately but will be considered together. The first is an appeal from an amended final decree of divorce and is brought here by the defendant-husband. In this first appeal the plaintiff-wife has filed cross assignments of error. The second appeal brought here by the plaintiff-wife, is an interlocutory appeal from a post decretal order.
The wife's complaint for divorce charged extreme cruelty. The husband answered denying the charge and cross-claimed for divorce charging adultery. The wife's reply denied the charge contained in the cross-claim. Upon these issues the case was tried and the chancellor found for the wife upon her complaint and her husband's cross-claim. The final decree, before amendment, granted the wife: (1) a divorce, (2) alimony, (3) custody of the two minor children and support, (4) attorney's fees and (5) apportioned the property of the parties as follows:
"That the parties be and they are hereby declared to be tenants in common of the real estate owned by the parties, known and described as 90 Red Maple Drive, North Levittown, Long Island, New York, and that the same be sold as reasonably soon after date as possible and no later than six (6) months from this date, and that the net proceeds thereof be divided between the parties.
"That the home presently occupied by the Plaintiff Counter-Defendant, LaVerne W. Bell, located at 995 West 32nd Street, Hialeah, Florida, and the furnishings therein, which is presently being occupied under an Agreement for Deed, be deeded by Quit-Claim Deed to the Plaintiff Counter-Defendant, LaVerne W. Bell from the Defendant Counter-Plaintiff, Rodney O. Bell, within seven (7) days from this date, and he is hereby required to make the payments therefor which presently amount to Seventy-seven Dollars ($77.00) per month each month on the date *65 when due until said property has been fully paid for.
"That the Defendant Counter-Plaintiff, Rodney O. Bell, is hereby ordered to pay forthwith to Simons and Simons, Attorneys for Plaintiff Counter-Defendant, the sum of Five Hundred Dollars ($500.00), for counsel fees of the Plaintiff Counter-Defendant herein.
"That the Defendant Counter-Plaintiff is hereby ordered to pay forthwith to the Plaintiff Counter-Defendant the sum of ____ Dollars ($247.64) as her costs incurred in the prosecution and defense of the above styled suit.
"That the Defendant Counter-Plaintiff, Rodney O. Bell, is hereby required to continue in full force and effect those insurance policies he presently holds, and to make the necessary payments therefor, with the Prudential Life Insurance Company in the sum of Fifteen thousand Dollars ($15,000.00) including health and accident insurance therein, and the insurance with Veterans Administration United States Government in the face amount of Ten Thousand Dollars ($10,000.00) and with the Travelers Insurance Company in the face amount of Ten Thousand Dollars ($10,000.00), and the beneficiaries therein shall remain as stated in the insurance company's records as of September 13, 1957."
The husband filed, on March 4, 1958 his "Motion to Vacate Final Decree, Etc." and without further testimony the chancellor, after argument, entered an amended final decree, which granted the wife: (1) a divorce, (2) reduced her alimony from $150 per month to $75, (3) custody of the two minor children and support, (4) increased the amount of attorney's fees allowed the wife from $500 to $600, and (5) changed the disposition of the property of the parties as follows:
"That the home presently occupied by the Plaintiff Counter-Defendant, LaVerne W. Bell, Located at 995 West 32nd Street, Hialeah, Florida and the furnishings therein, which is presently being occupied under the Agreement for Deed, be deeded by proper instrument to the Plaintiff for the use and benefit of the minor children. Said instrument to provide that upon Plaintiff's remarriage or death, said property to pass in fee simple to said minor children. The defendant is hereby required to make the payments for said homestead, which presently amounts to $77 (Seventy-Seven Dollars) per month. Said payments to be considered alimony and to terminate upon Plaintiff's remarriage or death."
The husband as appellant urges: (1) that the evidence is insufficient to support the wife's decree of divorce; (2) that the chancellor abused his discretion in granting the wife custody of the two minor children of the parties, permanent alimony, court costs, one half of the proceeds from the forced sale of the parties' New York home, permanent mortgage payments on the home, insurance benefits, and counsel fees, and (3) that the chancellor ought to have granted him a divorce on the ground of adultery.
The chancellor in his amended final decree, as in his first decree, declared that the parties became tenants in common of the real estate owned by them in New York. This declaration, if the property were located in Florida, is in accord with section 689.15 Fla. Stat., F.S.A., which provides that where a husband and wife own property, real or personal, as an estate by the entirety, and a divorce is granted, they thereupon become tenants in common. See also Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Markland v. Markland, 155 Fla. 629, 21 So.2d 145; Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205; Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356; Giachetti v. Giachetti, 157 Fla. 259, 25 So.2d 658. The court further ordered that the New York property be sold and that the *66 proceeds from such sale be divided equally between the parties. The appellant-husband questions the propriety of the chancellor's order which required sale of the property. There is no provision in the amended decree providing that any portion of the proceeds of the sale is charged with the obligation of the husband to support his former wife or his minor children. Such a provision may be proper under some circumstances. Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253; cf. Anderson v. Anderson, Fla. 1950, 44 So.2d 652. The forced sale with one-half of the proceeds going to the wife is not for the purpose of any lump sum settlement as alimony. See Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754; Reid v. Reid, Fla. 1954, 68 So.2d 821; Kilian v. Kilian, Fla.App. 1957, 97 So.2d 201. The chancellor's findings fail to establish any special equitable right to the property in question in either party. See Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537; Eakin v. Eakin, Fla. 1958, 99 So.2d 854. It is error for the court, upon granting a divorce, to direct disposition of the parties' interest in property held by the entireties simply as an incident of the divorce. Valentine v. Valentine, Fla. 1950, 45 So.2d 885. See also Boles v. Boles, Fla. 1952, 59 So.2d 871.
We are not unmindful of the fact, as above indicated, that § 689.15, supra, is applicable only to real property situated in the State of Florida. New York has no statute similar to ours, but its highest court's ruling, on the effect of a divorce on property held as a tenancy by the entirety by the divorced parties, gives the same ultimate result as our statute. It was thus held in the case of Steltz v. Shreck, 128 N.Y. 263, 28 N.E. 510, 13 L.R.A. 325, that upon a divorce, the tenancy by the entirety is severed, and, a severance having taken place, each takes his or her proportionate share of the property as a tenant in common, without survivorship. This same court in a later case held that either divorced party has the right to partition. Yax v. Yax, 240 N.Y. 590, 148 N.E. 717.
Although the case of Schnitzer v. Schnitzer, Fla. 1949, 40 So.2d 450, did not involve an estate by the entireties crystallizing into a tenancy in common by a dissolution of the marriage, the court in reversing, because the chancellor had ordered a forced sale of the divorced parties' real property, admonished against forced sales, without an upset price, or the making of some other satisfactory arrangement to realize a greater purchase price.
Notwithstanding the sound ruling of the Schnitzer case, the property involved is held by the parties as a tenancy in common, and since no support obligation was attached to the property, no lump sum alimony payment was to be derived from the sale of the property, and no special equities existed in the property, the chancellor erred in ordering the parties to sell the property.
Upon all of the remaining provisions of the amended final decree, upon which the husband has assigned error, the record reveals that the matters complained of were patiently tried by the chancellor. There is sufficient evidence, in the conflicting testimony he heard, to support each finding made.
The wife as cross-appellant from the amended final decree urges that the chancellor had no jurisdiction to enter the amended final decree, because there was no change in circumstances from the entry of the final decree. She also urges under an appropriate assignment of error, that the award of $600 as attorney's fee to her attorney is grossly inadequate. Because it has not been demonstrated that the chancellor abused his discretion in determining the amount of attorney's fee, we will not disturb his award.
A more substantial question is presented by the wife's contention that the chancellor erred in altering materially the amount of the allowance of alimony and in changing the disposition of the home of the parties. She contends the chancellor *67 lacked the jurisdiction to make the aforesaid changes because the "motion to vacate final decree, etc." is in essence merely a petition for rehearing, and that although such a petition is available for the purpose of asserting newly discovered evidence (McArthur v. McArthur, Fla. 1957, 95 So.2d 521), or to present to the court some point which is overlooked or which the court failed to consider (Mann v. Etchells, 132 Fla. 409, 182 So. 198), neither purpose was served here. We note that defendant's motion to vacate was filed within the time allowed for the filing of a petition for rehearing. A reading of the motion reveals that it is frankly an argument of the husband's position and consists primarily of a listing of alleged errors. Accepting the wife's contention that the filing of the motion to vacate final decree is tantamount to the filing of a petition for rehearing, her argument that the chancellor lacked jurisdiction to amend the final decree is without legal support, since it is settled in Florida that a chancellor may modify a final decree after consideration of a petition for rehearing. Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175; Burnup v. Bagley, Fla. 1958, 100 So.2d 622; Batteiger v. Batteiger, Fla.App. 1959, 109 So.2d 602.
We turn now to a consideration of the assignments of error directed to the post decretal order by the wife as appellant. Subsequent to the amended final decree the husband became delinquent in alimony payments and failed to pay the attorney's fee awarded the wife. The wife filed a petition for an order to show cause why the husband should not be held in contempt. In response the husband filed a like petition alleging that the wife had removed the children from the state and was residing in California. The chancellor then entered an order as follows:
"This matter came before me on this Court's request for an informal conference with counsel for the respective parties. Counsel for both parties were personally present. The Court was advised that the Defendant complains that Plaintiff has disappeared from this jurisdiction, taking the parties' two children with her, for a period exceeding four months. The Court also learned that Defendant's counsel was holding Plaintiff's alimony checks for the aforesaid period pending Plaintiff's return and the right of Defendant to visit his children being available.
"Plaintiff's counsel complained that the Defendant had not filed a $10,000.00 supersedeas bond as heretofore ordered. He also advised that he felt there was no relation between the visitation rights of Defendant and Defendant's failure to pay alimony. He also complained of Defendant's failure to pay Plaintiff's attorney's fees.
"Defense counsel advised that said attorney's fees would be paid by installments, in accordance with this Court's previous oral expression, and said sum would be paid in full prior to oral argument in the District Court of Appeal, where an appeal of this case is now pending.
"The Court is of the opinion that the Defendant's right to visit with his children cannot arbitrarily be denied him by the Plaintiff in removing the children to the State of California.
"Therefore, it is by the Court Ordered, as follows:
"1. That the $10,000.00 supersedeas bond entered by this Court on June 26th, 1958 be and the same is hereby cancelled and vacated.
"2. That Counsel for the Defendant is instructed to continue to hold Plaintiff's alimony payments until further Order of this Court.
"3. That the parties present themselves personally before this Court on September 18, 1958 at 11:45 a.m., together with their counsel for the purpose of explaining to this Court their past actions in the premises."
*68 The husband and his attorney appeared but only the wife's attorney appeared on her behalf. No record is presented of the proceedings at this hearing on September 18, 1958. At its conclusion the chancellor found the wife in contempt of court, and entered the following order:
"1. That the Plaintiff be, and she is hereby held in contempt of Court and her previously Ordered $75.00 monthly alimony payments are cancelled and vacated beginning May 1, 1958, and continuing month to month thereafter until further order of this Court.
"2. That the Parties' marital home, located at 995 West 32nd Street, Hialeah, Florida be sold with all convenient speed; that the funds derived from said sale be deposited in a suitable Savings Bank for the benefit of said children, until further Order of the Court; that both Parties are commanded to execute all necessary papers to facilitate the sale of said home and deposit of said funds; and, that the Court reserves its decision concerning reimbursement of mortgage payments to Defendant for installment made from May 1958 until said home is sold."
It is immediately apparent that the portion of the foregoing order which adjudged the plaintiff-wife in contempt cannot be sustained. The defendant suggests that the order held the plaintiff in contempt because of her denial of reasonable visitation rights to the father. If visitation privileges are denied the father by the mother by her arbitrary or capricious conduct, then the same can or may be adjudicated in a contempt proceeding. Lee v. Lee, Fla. 1950, 43 So.2d 904. But the amended final decree is devoid of a requirement that the mother must keep the children in this state. It is therefore also apparent that the chancellor's determination that the mother had forfeited her right to alimony, until further order of the court, because of her change of residence was likewise erroneous. There is no statute which prohibits the removal of a child from the jurisdiction by the person to whom custody is granted, and where the decree is silent on the matter, the custodian is free to move from the state and take the child with him. Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734; 10 Fla.Jur., Divorce, § 251. We do not imply that the father does not have a right of reasonable visitation with his children. This right is recognized and may properly be protected by order of the court. Stewart v. Stewart, 156 Fla. 815, 24 So.2d 529; Yandell v. Yandell, Fla. 1949, 39 So.2d 554.
We hold that the chancellor properly changed the provision of his amended final decree relating to the property in this state which the decree had set aside as a home for the mother and children. Inasmuch as the order recites that the modification is based upon conditions brought about by the former wife's change of residence and there is nothing in the record to show otherwise, we will not presume, as appellant urges, that the modification was a part of her "punishment" for leaving this state.
In the light of the conclusions reached, it is necessary for us to reverse that portion of the amended final decree which ordered the sale of such a portion of the property of the parties as was not necessary to carry out the terms of the divorce decree, that is, the property described in paragraph numbered "9" thereof as "90 Red Maple Drive North, Levittown, Long Island, New York." Further that portion of the court's post decretal order, dated September 19, 1958 and recorded in Chancery Order Book 1355 at page 380 et seq., which adjudges the plaintiff, LaVerne W. Bell, in contempt, is reversed, and paragraph numbered "1" of said order is cancelled both as to the adjudication of contempt and as to the provision which purported to cancel and vacate the monthly alimony previously decreed. In all other *69 respects the amended final decree and the order of September 19, 1958 are affirmed.
Affirmed in part and reversed in part.
CARROLL, CHAS., C.J., and HORTON, J., concur.