123 So.2d 52 (1960)
Victoria A. BANFI, Appellant,
v.
Enrico Luigi BANFI, Appellee.
No. 59-659.
District Court of Appeal of Florida. Third District.
September 19, 1960.
*53 Richard H. Hunt, Michael F. Zarowny and Joseph A. Hackney, Miami, for appellant.
Louis A. Sabatino, Miami, for appellee.
HORTON, Chief Judge.
The appellant wife was the defendant below and appeals from a final decree and an amendment thereto entered in a divorce action, in which the appellee husband was awarded a divorce on the ground of extreme cruelty.
The wife counterclaimed for alimony unconnected with divorce which relief was denied by the terms of the amended final decree. The chancellor awarded a divorce to the husband and directed that all of the joint bank accounts of the parties be divided equally between them, and that all joint stock brokers' accounts as well as shares of stock be divided between the parties or sold and the proceeds divided. In addition, he directed the sale of the jointly owned improved real property in the event that the same was not sold within sixty days from the date of the decree. He awarded a Buick automobile to the wife and an Opel automobile to the husband. Attorneys' fees were awarded to counsel for both parties, which fees were, by the amended final decree, to be paid by the respective parties with the costs of the proceedings taxed against the husband.
The appellant contends that the chancellor should not have awarded the decree of divorce to the husband because the testimony was insufficient to support the grounds of extreme cruelty and lacked corroboration. Without delving into the details of the matrimonial differences between these two parties, suffice it to say that the record contains sufficient competent evidence, with adequate corroboration, to justify the findings made by the chancellor, and we will not pit our judgment in that respect against his. Ward v. Miami Lock & Hardware Co., Fla.App. 1960, 119 So.2d 395.
The appellant further contends that the chancellor was in error in ordering a sale of joint stock investments and the marital home held as an estate by the entireties. We conclude that the appellant's contention in this regard has merit. The appellee's sworn complaint for divorce, in addition to setting up the necessary allegations or grounds for divorce, also alleged that the parties held joint assets in the nature of bank accounts, stocks, securities and real property, and particularly prayed the court to retain jurisdiction of the cause following a final decree of divorce, if any were entered, for the purpose of partitioning the real property theretofore held as an estate by the entireties. As a general rule, in the absence of an agreement of the parties or appropriate pleadings for such relief, a chancellor is without authority to effect what might amount to a property settlement between parties to a divorce action, and cannot dispose of property belonging to the parties as an incident to divorce. See Bell v. Bell, Fla.App. 1959, 112 So.2d 63, 65 and Latta v. Latta, Fla.App. 1960, 121 So.2d 42. Once the marriage is dissolved and the proportionate share of each in the estate has been fixed, the parties become tenants in common of such real property formerly held as an estate by the entireties. Section 689.15, Fla. Stat., F.S.A. Thereafter, it is up to them to determine whether the property should be partitioned or disposed of otherwise. See Benson v. Benson, Fla.App. 1958, 102 So.2d 748. There are recognized exceptions, however, such as where the husband's interest in property owned by him and his wife as tenants by the entireties may be awarded to the wife as lump sum alimony (Reid v. Reid, Fla. 1954, 68 So.2d 821) or where the wife may be given part or all of the husband's record interest in *54 property owned by them as an estate by the entireties to the extent that she establishes a special equity therein based on her contributions. Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537; Foreman v. Foreman, Fla. 1949, 40 So.2d 560.
The result of the chancellor's decree here, insofar as it relates to both real and personal property, was to effect a partition of the jointly owned properties of the husband and wife without observing the requirements of specific statutory direction normally applied in a suit for partition. See §§ 66.01-66.09, Fla. Stat., F.S.A. We do not infer or imply that it is a question of the jurisdiction of the chancellor to partition property between a husband and wife after the entry of a divorce decree, particularly where as here such relief was specially prayed, but the failure of the chancellor to follow the statutory requirements applicable to an action for partition. Our research discloses that on at least two occasions, the Supreme Court of Florida has sanctioned the joining of an action for divorce, alimony and other claims against a husband, as well as a claim for partition of real property held as an estate by the entireties. DuPree v. DuPree, 158 Fla. 439, 28 So.2d 907; Fields v. Fields, 160 Fla. 561, 35 So.2d 722. In the Fields case, the Supreme Court was called upon to determine the correctness of an order dismissing an amended complaint which contained a prayer for divorce, partition of real property, alimony and restoration of certain money claims against the husband. In quashing the order dismissing the amended complaint and directing its reinstatement and proceedings thereon, the court said:
"The law is a medium for adjusting conflicting interests that may constantly arise from more and more complicated social relations. It should not be permitted to become a code of abstract rules leading to confusion and dismay in the adjustment of these relations. The court has repeatedly adjudicated property rights along with the marital status. If there is any theory under which one lawsuit will suffice there is no reason for generating another."
In the case at bar, it is true the parties could, absent the provisions of the present decree as it pertains to their property rights, have proceeded under the statute for a partition of both real and personal property, but since partition was prayed for in the original complaint, we see no reason why the chancellor could not, upon a remand of this cause, permit appropriate pleadings to be filed by the appellant wife to so much of the complaint as pertains to the real and personal property and its partition, and upon such issues determine the respective rights of the parties according to the requirements of the partition statute. See §§ 66.01-66.09, supra.
Another question raised by the appellant is her right to a "special equity" in the husband's share of the jointly held property over and above her one-half interest now vested by reason of the divorce decree, or an award of permanent alimony on the basis that she had contributed to the marital venture and had aided in the accumulation of the joint estate, all above and beyond her usual marital duties. The evidence discloses that the parties were married approximately twelve years before this action for divorce was instituted, during which time the husband was employed as a maitre d'hotel in several hotels on Miami Beach, Florida, with the wife being employed under the husband as a captain of waiters. They placed all of their earnings in jointly held accounts and proceeded to purchase real property as well as stocks and other assets from these joint earnings. Admittedly the husband contributed more to the joint accounts because of his greater earnings. Apparently all of the assets accumulated from joint earnings were taken in their joint names. The chancellor by a denial of such relief must have found that the appellant had failed to prove any special equity in the husband's interest in jointly held property, and that *55 she was not entitled to an award of permanent alimony. In this conclusion, we agree.
The last question raised by the appellant is the alleged error of the chancellor in ordering the wife to pay her own attorney's fees from a portion of her community assets and a resultant denial of such fees from her husband's estate. Since the award of attorney's fees is a matter of discretion with the chancellor, based upon the circumstances of the parties, we cannot say from an examination of this record that such discretion has been abused. However, it should be noted that in denying the wife attorney's fees from her husband's estate, the court should not have attempted to set attorney's fees for counsel of both parties but should have left the matter to be determined between the attorneys and their respective clients.
The appellee has filed a cross assignment of error directed to that portion of the final decree awarding attorney's fees to the appellant's counsel. We feel that this question has already been treated hereinabove in pointing out that the chancellor's failure to award attorney's fees to the wife's counsel, to be paid by the husband, was in effect an exercise of his discretion under the statute,[1] and having declined to award attorney's fees against the husband for the benefit of the wife's counsel, then the matter of attorney's fees was no longer the concern of the chancellor.
In consideration of the views expressed herein, it is the decision of this court that those portions of the final decree and amendment to final decree awarding a divorce to the appellee and taxing costs against him are affirmed. In all other respects, the decrees are reversed, with directions to permit appellant to file appropriate pleadings as she may be advised to so much of the bill of complaint herein as dealt with a requested partition of property, now held as tenants in common, and that upon such issues made, the chancellor will adjudicate the rights of the parties consistent with the applicable statutory requirements. §§ 66.01-66.09, supra.
Affirmed in part and reversed in part with directions.
PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] § 65.07, Fla. Stat., F.S.A.