BARKDULL, Judge.
The appellant wife appeals from a final decree in a divorce action, awarding a divorce to the appellee husband and the custody of the 3 minor children of the parties, and refusing to divide the joint property of the parties. She urges error in the entry of said decree in the giving of care, custody and control of the minor children to the husband, and in failing to divide the joint property.
The parties own certain property as tenants by the entireties and, upon the granting of the divorce, the parties became tenants in common pursuant to the provisions of § 689.15, Fla.Stat. F.S.A. The chancellor did not abuse any discretion in failing to divide their joint property, which could have been accomplished by either of the parties subsequent to the decree of divorce upon appropriate proceedings under Chap. 66, Fla.Stat., F.S.A.
At the time of the filing of the complaint in this cause, the 3 minor children of the parties were aged 5, 8 and 13. During the final hearing, the two oldest expressed a preference to remain with their father. Although the chancellor did not make a specific finding as to the unfitness of the mother, it is apparent [in his award of custody to the father of the 3 minor children, and in particular the 2 youngest] that he found that she was an unfit person to have their care, custody and control, it appearing in the record that in recent years she had become addicted to the use of alcohol and had become neglectful of the well-being of the children while in her care.
*770 No error is found in the award of the custody of the children to the husband by the chancellor on the record before him. However, it is pointed out that in light of the principles announced by the Supreme Court of Florida in Todd v. Todd, Fla.1951, 56 So.2d 441, 29 A.L.R.2d 920, the final decree should be affirmed without prejudice to the wife to apply to the chancellor for custody of the 2 youngest children [counsel for the wife having conceded before this court that she could not expect to receive custody of the older child] at any time that she can demonstrate that she has fully recovered her physical and mental health, and is no longer addicted to the use of alcoholics. This opinion is not to be construed as directing that the chancellor should grant to the wife the custody of the 2 youngest children upon any such application, but only that the chancellor should reserve jurisdiction to make further inquiry into the matter at such time in the best interests of said children.
Affirmed with directions.