156 So.2d 206 (1963)
Margaret E. GONZALEZ, Appellant,
v.
Edward GONZALEZ, Appellee.
No. 62-742.
District Court of Appeal of Florida. Third District.
September 17, 1963.
Klein, Kass & Tannenbaum, Miami, for appellant.
Richard M. Gale, Ralph B. Ferguson, Jr., Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
HORTON, Judge.
The appellant wife was the plaintiff below and seeks review of a final decree and an amendment thereto in a divorce action which, inter alia, (1) awarded her permanent alimony in the sum of $45 per week, and (2) directed the partition and sale (the proceeds to be divided equally) of homestead property and certain personalty, all of which were held as an estate by the entireties.
The appellant contends that the chancellor was in error in ordering a partition *207 and sale of the homestead residence and the personal property. The appellee concedes the correctness of appellant's position. We agree.
The appellant's sworn complaint for divorce, in addition to alleging the necessary grounds, also alleged that the parties held joint assets in the nature of real property, common stock and the contingent right to an income tax refund, and particularly prayed the court to divide the jointly held property of the parties. As a general rule, in the absence of an agreement between the parties or appropriate pleadings praying for partition of jointly owned property upon the entry of a decree of divorce, a chancellor is without authority to partition jointly owned property.[1] As stated by Judge Barkdull in a recent opinion of this court[2] (p. 738):
"In ordering the parties to sell the homestead property within a period of 6 months and dividing the net proceeds equally and [in the event the parties should be unable to sell the premises within the said period] providing that either party could apply to the court for a sale under judicial supervision, it appears that the chancellor exceeded his jurisdiction and authority and the appellant is entitled to have this portion of the final decree reversed. The homestead property was held in an estate by the entireties and upon the granting of the final decree of divorce the parties became tenants in common. § 689.15, Fla. Stat., F.S.A. Although it might be a better practice to permit a chancellor to divide property held in estates by entireties upon the granting of a final decree of divorce, until such time as the Legislature repeals or amends the existing statutes, trial courts and appellate courts have no alternative but to follow the enactments of the Legislature. Therefore, the provision attempting to order the sale of this property must be reversed upon the authority of Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Tompkins v. Tompkins, Fla.App. 1962, 145 So.2d 769."
Once the marriage is dissolved and the proportionate share of each in the estate has been fixed, as noted, supra, the parties become tenants in common of such property formerly held as an estate by the entireties.[3] Thereafter it is up to them to decide whether the property should be partitioned or disposed of in some other manner.[4] However, since the essence of the prayer in the complaint was for partition, we see no reason why the chancellor could not, upon a remand of this cause, permit appropriate pleadings to be filed by either party to so much of the complaint as pertains to the real and personal property and its partition, and upon such issues determine the respective rights of the parties according to the partition statute. See §§ 66.01-66.09, Fla. Stat., F.S.A.
There are certain recognized exceptions to the above doctrine, however, such as (1) where the husband's interest in property owned by him and his wife as tenants by the entireties may be awarded to the wife as lump sum alimony (Kilian v. Kilian, Fla.App. 1957, 97 So.2d 201; Reid v. Reid, Fla. 1953, 68 So.2d 821); or (2) where the wife may be given part or all of the husband's interest in property owned by them as an estate by the entireties to the extent that she establishes a special equity therein based on her contributions. See Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52, 54, and cases cited therein. It is obvious that the first exception is inapplicable here and as to the second, we conclude, as *208 the chancellor must have, that the wife has failed to establish her right to a special equity.
The final question raised by appellant is the adequacy of the alimony award. It is noted with interest that the chancellor found appellant's minimum requirements for her sole support to be the sum of $78.50 per week and the record does not disclose the inability of the appellee-husband to pay such amount; yet the chancellor awarded her the sum of $45 per week.
Since it becomes necessary to reverse that portion of the decree ordering partition and sale of the jointly held properties, and because the chancellor may have been influenced by that consideration in granting alimony, the cause will be remanded for re-evaluation of the alimony award.
Accordingly, the decree appealed should be and is hereby reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.
Reversed and remanded.
NOTES
[1] Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481; Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52; Latta v. Latta, Fla.App. 1960, 121 So.2d 42; Bell v. Bell, Fla. App. 1959, 112 So.2d 63.
[2] Weinstein v. Weinstein, Fla.App. 1963, 148 So.2d 737.
[3] See § 689.15, Fla. Stat., F.S.A.
[4] Bergh v. Bergh, supra, note 1; Banfi v. Banfi, supra, note 1.