162 So.2d 539 (1964)
T. Myrl KITCHENS, Appellant,
v.
Geneva KITCHENS, Appellee.
No. 63-91.
District Court of Appeal of Florida. Third District.
March 10, 1964.
On Rehearing April 14, 1964.
*540 Guion T. De Loach, Miami, for appellant.
Klein, Kass & Tannenbaum, Miami, for appellee.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
HORTON, Judge.
The appellant-husband was the defendant below and seeks review of a final decree which, inter alia, (1) granted the appellee-wife a divorce; (2) granted the appellee custody of the children; (3) ordered the appellant's interest in their jointly held property transferred to the appellee as satisfaction for expenditures for necessities found to be due appellee from appellant; and (4) awarded appellee permanent alimony of $250 per month, child support of $450 per month and attorney's fees of $750.
This action was commenced by appellee in October, 1962, when she filed her "complaint for separate maintenance and other relief" pursuant to § 65.09 et seq., Fla. Stat., F.S.A.,[1] alleging certain specific acts of misconduct on the part of appellant as constituting grounds for divorce. The complaint set forth that "plaintiff avers that although she may be entitled to a decree of absolute divorce, a vinculo matrimonii, on the aforesaid grounds, and under the prayer for general relief herein, nevertheless plaintiff in these proceedings does not seek a decree of absolute divorce, unless prayed for prior to the entry of the final decree herein, but seeks alimony and support money unconnected with the divorce, suit money and counsel fees. * * *" Appellant, after being personally served with process, filed no pleadings to the complaint and subsequently a decree pro confesso was entered against him. On December 7, 1962, the final hearing was held where the appellee and her witnesses presented testimony as to the allegations in her complaint. The next day, December 8, 1962, appellee filed a "motion for the entry of a final decree of divorce," allegedly for the reason that appellant had, after the appellee filed for separate maintenance, instituted an action for divorce against her in Oklahoma. The appellant was not served or notified of this latter motion. On December 10, 1962, the chancellor entered the final decree which is the subject matter of this appeal.
The appellant raises a number of points on appeal. First, he contends that the lower court lacked jurisdiction over him since he was served with a complaint seeking separate maintenance pursuant to § 65.09, Fla. Stat., F.S.A., and not with one for divorce under § 65.04, Fla. Stat., F.S.A. He contends it was necessary for the appellee, in changing her cause of action, to re-serve the appellant with appropriate process which was not done; in fact, appellant asserts, and the record substantiates, he was never *541 notified of the motion which changed her cause of action to one for divorce.
The appellee takes the position that service of the original complaint conferred jurisdiction on the court below to enter a final decree of divorce since an action filed pursuant to § 65.09, supra, is identical, with respect to allegation and proof, to one filed under § 65.04, supra. Neither party to this appeal has been able to cite any authority on the direct point involved, nor has our research revealed any. The appellee does, however, cite several cases tending to support her position, principally, Ex parte Stroud, 248 Ala. 480, 28 So.2d 316, wherein the Supreme Court of Alabama in a similar situation, reasoned:
"The bill does not seek a divorce specifically, but only for maintenance and custody of the children. See Ex parte Hale, 246 Ala. 40, 18 So.2d 713. But its allegations are sufficient to support a decree for divorce, and a general prayer is made in the bill. So that it would support a decree of divorce if granted by the court."
However, for the reasons we now set forth, it is unnecessary for us to specifically decide this question of jurisdiction. As previously discussed, the appellant was not notified of the motion whereby appellee's cause of action was changed from one for separate maintenance to one for divorce. We are of the view that this motion was in effect an amendment of the appellee's original complaint by virtue of the averment in the complaint that "* * * plaintiff in these proceedings does not seek a decree of absolute divorce, unless prayed for prior to the entry of the final decree herein, but seeks alimony and support money unconnected with divorce. * * *" Obviously, the relief granted by the final decree was substantially different from that initially prayed for. Although the chancellor might have retained jurisdiction to grant the divorce upon proper application, it was incumbent upon the appellee to notify the appellant that she had amended her cause of action. See Rule 1.4(a) Florida Rules of Civil Procedure, 30 F.S.A. Even the most minimal standards of due process would require that notice be given to a party who had suffered a default or decree pro confesso where the complaint has been amended in a matter of substance after the entry of such default. See 49 C.J.S. Judgments § 338, p. 688. Accordingly, we hold that the provision of the final decree granting the appellee a divorce must be reversed.
The conclusion reached above, however, does not require the reversal of all of the decree, as contended by the appellant. The appellant was put on notice by the service of the original complaint that he was being sued for separate maintenance. He chose not to plead or otherwise enter an appearance until after the entry of the final decree. The chancellor was authorized, pursuant to Rule 3.9, Florida Rules of Civil Procedure, 31 F.S.A., to proceed ex parte after the entry of the decree pro confesso. At that point, the appellant was not entitled to notice of further proceedings in the cause so long as those proceedings were commensurate with the relief prayed for in the complaint served upon him.
Turning now to the appellant's second point, he contends that it was error for the chancellor to order his interest in their jointly held property (a homestead residence) to be transferred to the appellee in satisfaction of certain expenditures for necessities made by the appellee during the pendency of this action (some $8,610). It should be observed that there was no pendente lite award of alimony or child support to warrant the adjudication of a money decree against the appellant, nor was there any basis for impressing it as a lien upon the appellant's interest in the real property. While we are in sympathy with the efforts of the chancellor in attempting to assure the appellee payment of the sum found to be due for necessities which the appellant would be legally obligated to pay, the procedure utilized was clearly erroneous.
*542 Viewing the instant action as one solely for separate maintenance under § 65.09, supra, it would be error for the chancellor to adjudicate property rights of the parties since they would remain husband and wife after the entry of the final decree. See Mosley v. Mosley, Fla.App. 1963, 153 So.2d 328; Naurison v. Naurison, Fla.App. 1959, 108 So.2d 510; Bredin v. Bredin, Fla. 1956, 89 So.2d 353, 61 A.L.R.2d 942. But see Smith v. Smith, Fla. 1964, 160 So.2d 697 and Randall v. Randall, 158 Fla. 502, 29 So.2d 238.
Treating this action as one for divorce, pursuant to § 65.04, supra, it would likewise be error for the chancellor to transfer or partition the jointly owned property of the parties. With several exceptions not applicable here,[2] it is well established that in the absence of an agreement between the parties or appropriate[3] pleadings praying for partition of jointly owned property upon the entry of a decree of divorce, a chancellor is without authority to dispose of jointly owned property. See Gonzalez v. Gonzalez, Fla.App. 1963, 156 So.2d 206, and cases cited therein at page 207. This doctrine is based on the rationale that once the marriage is dissolved and the proportionate share of each in the estate has been fixed, the parties become tenants in common of such property formerly held as an estate by the entireties.[4] Thereafter it is up to them to decide whether the property should be partitioned or disposed of in some other manner. Gonzalez v. Gonzalez, supra. Accordingly, this portion of the decree must be reversed.
Appellant's final point challenges the awards of alimony, child support and attorney's fees. He contends the chancellor abused his discretion in failing to consider his ability to pay the amounts awarded. We have carefully reviewed the record in the light of this contention and conclude that an abuse of discretion has not been demonstrated.
For the foregoing reasons, that portion of the decree (1) granting the appellee a divorce and (2) awarding the appellant's interest in the homestead property to the appellee is reversed. The remainder of the decree is affirmed and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part, reversed in part and remanded.

ON REHEARING
PER CURIAM.
The appellant, by petition for rehearing, contended that the award of $750 attorneys' fees not only was a gross abuse of discretion but was not supported by any testimony or evidence. We granted rehearing on that portion of the petition and heard oral argument.
We are now of the view that since no testimony or evidence appears in the record before us to support the award of attorneys' fees, the same should be and is hereby reversed. Although we are not in a position to determine the reasonableness of the award made, nevertheless we observe that this was a case which proceeded ex parte after the entry of a default against the appellant and no novel questions or unusual circumstances arose.
*543 That portion of the decree awarding attorneys' fees is reversed, and the cause is remanded for the assessment of an appropriate award. Except as hereinabove noted, the opinion heretofore rendered by this court on March 10, 1964, is adhered to.
NOTES
[1] § 65.09. "Alimony unconnected with divorce. If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, and she be living apart from her husband, she may obtain alimony without seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife."
[2] (1) where the husband's interest in property owned by him and his wife as tenants by the entireties may be awarded to the wife as lump sum alimony, see Kilian v. Kilian, Fla.App. 1957, 97 So.2d 201; Reid v. Reid, Fla. 1953, 68 So.2d 821; or (2) where the wife may be given part or all of the husband's interest in property owned by them as an estate by the entireties to the extent that she establishes a special equity therein based on her contributions. See Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52, and cases cited therein at page 54.
[3] See the partition statute, §§ 66.01-66.09, Fla. Stat., F.S.A.
[4] § 689.15, Fla. Stat., F.S.A.