205 So.2d 1 (1967)
Iris MASSEY, Appellant,
v.
Arthur MASSEY, Appellee.
No. 66-792.
District Court of Appeal of Florida. Third District.
December 12, 1967.
Rehearing Denied January 3, 1968.
*2 Charles H. Spooner, Richard H.W. Maloy, Coral Gables, for appellant.
Kessler, Massey & Beckerman, Coral Gables, Milton M. Ferrell, Miami, for appellee.
Before CHARLES CARROLL, C.J., and HENDRY, J., and DURDEN, WILLIAM L., Associate Judge.
PER CURIAM.
This divorce suit involves a lawyer of high professional standing with some fifteen years' experience in the practice and as a municipal judge. As a result of the final decree a divorce was granted to the wife and custody of the three boys awarded to her. The boys are approximately thirteen, eleven and eight years of age. The appellant has raised only two issues in this appeal and our study of the record and the briefs compels us to conclude that the decree should be modified on one point and reversed on the other.
The court awarded $150 per month as alimony and $150 per month support for each of the three children for a total amount of $600.
The record reflects several things with regard to the needs and abilities of the parties. The first is that, like most Americans in similar situations, they were living somewhat beyond their means, and yet they had not accumulated a large backlog of debts. It seems to be fairly well established that the monthly expenses of running the house ranged between $1,300 and $1,400 per month. This did not include the personal expenses of the husband. The husband has demonstrated the ability to maintain this family at that economic level while living together as a unit and the cost of providing such a standard will not diminish much by reason of his absence from the home. Most of the expenses of maintaining the home will remain at almost the same level. Nevertheless, it would be foolhardy to assume that he could and unjust to require him to maintain precisely that standard. It is difficult enough to stretch one income to provide one home and next to impossible to expand it to a degree to where it can provide two homes on the same standard as the joint home was established.
Balancing these equities and giving due consideration to the rights and responsibilities of both parties it is our conclusion that the amount awarded is so low as to constitute an abuse of discretion by the trial court and should therefore be modified. This point is adequately covered by the opinion of this court in Klein v. Klein, Fla.App. 1960, 122 So.2d 205, wherein it is stated:
"Where the head of a family by supplying money over a period of years, establishes and maintains a standard of living on a certain financial level, it may *3 be inferred, in the absence of a sufficient showing to the contrary, that he has a source of income or financial status sufficient to enable him to continue to maintain his spouse in substantially the same manner of living."
In his complaint the plaintiff husband listed the monthly expenses aggregating $750 which he alleged the defendant wife had informed him were required for support of herself and the children,[1] and in his prayer stated it was "his wish," and that he be ordered to pay alimony and child support in that amount. In addition, the husband prayed that the decree require that he make other payments, as follows:
"That the plaintiff be required to pay all the medical, hospital, and dental expenses of the three minor children of the parties; further, that the plaintiff be required to purchase the clothing for the three minor children of the parties; further, that the plaintiff be required to create an educational fund for the minor children of the parties, providing his financial position improves; and, further, that the plaintiff be required to pay the real estate and property taxes on the homestead of the parties."
The residence premises owned by the parties as tenants by the entirety was subject to a mortgage in the amount of $21,000. As to that property, the plaintiff prayed that it remain in the names of the parties, that the wife be given the right to live therein with the children until such time as she should remarry, and that thereafter the premises be sold and the proceeds divided between the parties. The trial judge awarded the husband's interest in the residence property to the wife, as lump sum alimony. Since it was intended that the wife and the children would reside in the home for an indefinite period, the practical effect of awarding the husband's interest to the wife was to relieve the husband of his owner's obligation to pay the taxes thereon and maintain the property, and to shift such obligations wholly to the wife.
In the circumstances presented the decree should have provided for payment of alimony and child support in the amount which the plaintiff had recognized as proper for their needs and had offered to pay, that is, $750 a month. The decree also should have required the husband to pay medical, hospital and dental expenses of the children, purchase their clothing and pay the taxes on the residence property while resided in by the wife and the children and prior to the wife's remarriage. Upon remand, the decree should be modified accordingly.
In addition to the residence premises, the complaint alleged the parties together owned two parcels of real estate. One was a five acre parcel described as follows:
"The East-Half of the Northeast Quarter of the Northwest Quarter of the Northwest Quarter of Section 16, Township 56 South, Range 39 East, being five acres, more or less in REDLAND CITRUS ORCHARDS, known as Tract 72-A, lying and being in Dade County, Florida, and recorded in Plat Book 5, at Page 31, of the Public Records of Dade County, Florida."
It was alleged that parcel was purchased for $13,000 of which $3,000 was advanced by the wife, $7,000 by the husband, and the balance of $3,000 was represented by a mortgage held by a third person, the plaintiff's law partner. It was prayed that the wife be required to sell that property (with the husband), and that out of the proceeds the mortgage should be paid and the wife receive $3,000, with the remainder to be divided equally between the parties.
The other parcel was described as follows:
"Lot 2, of WEST KILLIAN ACRES, also described as the West 1/2 of the *4 NE 1/4 of the SE 1/4 of the NW 1/4 of Section 10, Township 55 South, Range 39 East, lying and being in Dade County, Florida."
The interest held in that property was as purchasers under an agreement for deed. It was alleged however that the plaintiff previously had sold his two-thirds interest therein for $2,000, had given that money to the wife and that the agreement for deed presently was held by the wife and two persons not parties to this suit, the wife's interest representing one-third; and that this interest was subject to a $3,000 lien. It was prayed that such property be sold and the proceeds therefrom (after payment of the outstanding mortgage or lien thereon) be divided equally between the wife and the other two holders of the agreement for deed.
In the final decree the parties were ordered "to take immediate steps to sell" the two properties above referred to, and the decree provided that the proceeds of such sales should be applied first to pay the incumbrances thereon and then to the payment of "all past due bills incurred by the parties prior to this date" and to pay "the attorney's fee and costs, to be set by the court," and that the balance of the proceeds be deposited in the registry of the court, with jurisdiction reserved for further orders relating thereto.
The second point in the appellant's brief challenges the correctness of the provision of the decree directing sale of those properties and of the provision that previously incurred debts of the parties and the wife's attorney fees should be paid out of the proceeds of such sales. We hold the trial court was in error in directing sale of the properties, and reverse that portion of the decree.
The first of the two parcels mentioned was owned by the parties as tenants by the entirety. Upon divorce they became equal owners as tenants in common. Section 689.15, Fla. Stat., F.S.A.; Valentine v. Valentine, Fla. 1950, 45 So.2d 885. The rule as to property so owned by parties to a divorce proceeding, as stated in the case cited is:
"* * * Once the marriage contract was dissolved and the proportionate share of each in the estate was fixed, appellant and appellee became tenants in common, and thereafter it was for them to determine whether the property should be partitioned or whether one should purchase the interest of the other."
See also, Bell v. Bell, Fla.App. 1959, 112 So.2d 63, 65-66; Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52.
Moreover, if the request in the complaint for an order for sale of the property could be construed as seeking partition thereof, the direction in the decree that the parties sell the property does not meet the requirements of the established rule that in such instance the essential statutory procedure for partition of real estate shall be followed. Banfi v. Banfi, supra; Helsel v. Helsel, Fla.App. 1962, 138 So.2d 99; Tomkins v. Tomkins, Fla.App. 1962, 145 So.2d 769; Kitchens v. Kitchens, Fla.App. 1964, 162 So.2d 539; Lubarr v. Lubarr, Fla.App. 1967, 199 So.2d 123. Nor does this case present the basis for an exception to that rule, in that no necessity was shown to require or justify sale of the property to raise funds for the payment of the prior bills of the parties and of the attorney fees which should be allowed to the wife.
Regarding the second parcel, being the one as to which the wife and two persons not parties to the suit held equal interests under an agreement for deed, and as to which the plaintiff husband retained no property interest, we hold, as contended for by the appellant, that the husband was not in a position to seek and require a sale thereof by the wife.
Accordingly the final decree is affirmed in part and reversed in part, and the cause *5 is remanded to the circuit court with directions to modify and amend the decree with respect to the amount of alimony and child support and the other payments to be made by the husband as outlined in the foregoing opinion, and to determine upon and allow to the wife a reasonable sum for fees for her attorneys, to be paid by the husband.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] The list included monthly payments of $150 on the mortgage encumbering the residence, and $150 for the special schooling of one of the children.