PEARSON, Judge.
This is an interlocutory appeal by a plaintiff-wife from an order granting pendente lite relief to the defendant-husband. The order provided for sale under process of the court of the residence owned by the parties as an estate by the entirety.
The appellant brought a complaint for separate maintenance, and the appellee counterclaimed for a divorce. Neither answer nor counterclaim pray for partition of the residence. See Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52.
In this State there are a number of decisions which support the appellant’s contention that the trial judge may not disturb an estate by the entirety even after it becomes an estate in common as a result of a divorce decree without the agreement of the parties or appropriate pleadings. See Benson v. Benson, Fla.App.1958, 102 So.2d 748, 753; Bell v. Bell, Fla.App.1959, 112 So.2d 63, 66; Latta v. Latta, Fla.App.1960, 121 So.2d 42, 45; Banfi v. Banfi, Fla.App.1960, 123 So.2d 52; Helsel v. Helsel, Fla.App. 1962, 138 So.2d 99.
Appellee points out that the trial judge relied upon the implied agreement of the parties that a sale was desirable, and a review of the circumstances surrounding this appeal convinces us that the trial judge may have been misled to believe that the wife agreed to the procedure employed. Nevertheless, because at the time the court entered the order there was no pleading to support the order, and because no agreement of the wife appears in record, we find it necessary to reverse the order appealed. In so doing we point out that the record reflects an amendment to the answer of the husband to pray for relief by way of partition. This amendment was made after the order was entered and may well support the granting of the relief prayed subsequent to the final decree, if a final decree of divorce shall be entered. On the other hand, we cannot presume that a decree of divorce will be entered; and if the trial court finds that the equities are with the plaintiff-wife, a *322 decree of separate maintenance will not support a partition of the home property. Naurison v. Naurison, Fla.App.1961, 132 So.2d 623.
Reversed and remanded.