PER CURIAM.
This is an interlocutory appeal whereby appellant, Iris Massey, who was the plaintiff in the original action for divorce, seeks review of an order on mandate entered by the circuit court. This court’s opinion on the appeal of the final decree of divorce is reported in Massey v. Massey, Fla.App.1968, 205 So.2d 1.
Appellant presents three points upon which she urges reversal of certain portions of the order on the mandate. Initially, appellant argues that the lower court erred in allocating entirely to alimony the increase in payments by the husband ordered by this court. Appellant contends that the increase should have been apportioned between alimony and child support. We do not agree. It is settled that awards *261 of alimony and amounts thereof are within the discretion of the chancellor. Milander v. Milander, Fla.App.1968, 208 So.2d 876. The record on appeal, briefs and arguments of counsel are devoid of any showing of abuse of that discretion by the chancellor upon remand. There is no error in allocating the entire increase in payments to alimony.
Secondly, appellant claims error in that the ordered increase was not made retroactive to take effect upon the date of the initial decree of divorce. We find merit in this contention. Our opinion at 205 So.2d 1, 2, makes it clear that, under the evidence presented, the original award of periodic alimony was so inadequate as to constitute an abuse of the chancellor’s discretion. Upon that basis, that portion of the divorce decree was reversed. The amended decree takes the place of that portion of the original decree so reversed, and must be made to take effect as of the date of the original award. The increase, then, should have been made retroactive to the date of the original decree, viz., July 15, 1966.
Finally, it is urged by appellant that the chancellor erred in deleting paragraph five of the original decree awarding the family home to the wife as lump sum alimony. In support of this contention, appellant argues that the provision in the divorce decree awarding lump sum alimony was not before this court upon appeal, and that, therefore, the chancellor was without jurisdiction upon remand to amend that portion of the decree which was affirmed. In fairness to the chancellor, we point out that the opinion in 205 So.2d 1, is susceptible to the interpretation placed upon it by him. However, we made mention of the fact that the award transferred to the wife all obligations of maintaining the homestead only to bear witness to the conclusion that the award of periodic alimony was inadequate to cope with such a burden. As there exists in the pleadings ample ground for the award of the home as lump sum alimony, such award was not improper. Therefore, that portion of the order on mandate revoking such award is reversed.
Affirmed in part; reversed in part.