264 So.2d 476 (1972)
Dorothy Allen HARDER, Appellant,
v.
Frederick D. HARDER, Appellee.
No. 71-1341.
District Court of Appeal of Florida, Third District.
July 11, 1972.
Copeland, Therrel, Baisden & Peterson, Miami Beach, Phyllis Shampanier, Coral Gables, for appellant.
Nettlow & Sabatino, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal by a wife, defendant-counterclaimant below, from a final judgment of dissolution of marriage. The judgment awarded to the wife the jointly owned marital home and required the husband to convey to the wife all of his right, title and interest in and to the home in lieu of alimony. The court then required the wife to convey all of her right, title and interest in and to all of her remaining property to her husband. The property involved was jointly owned by the parties and consisted of real and personal property.
A line of cases arises from F.S. § 689.15, F.S.A., wherein the last sentence provides: "... and in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common." The courts have stated that in the absence of an agreement between the parties or appropriate *477 pleadings a chancellor is without authority to effect what might amount to a property settlement between the parties to a divorce action and cannot dispose of the property belonging to the parties as an incident to the divorce. Banfi v. Banfi, Fla. App. 1960, 123 So.2d 52; Latta v. Latta, Fla. App. 1960, 121 So.2d 42; Bell v. Bell, Fla. App. 1959, 112 So.2d 63. The courts have affirmed this rule in Rankin v. Rankin, Fla.App. 1972, 258 So.2d 489; Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825; Massey v. Massey, Fla.App. 1967, 205 So.2d 1.
By virtue of F.S. § 689.15, F.S.A. and Florida case law the property that had been owned jointly by the husband and wife as tenants of an estate by the entirety during marriage, automatically became owned by the parties after divorce as tenants in common. Sistrunk v. Sistrunk, Fla. App. 1970, 235 So.2d 53. The decree appealed by the wife concerning her conveyance of all right, title and interest in all her property other than the marital home is reversed since this would amount to an unlawful property settlement by the chancellor.
The rule stated above is not applicable involving the award by the chancellor to the wife of the husband's interest in the marital home. This award comes within the exception to the rule that upon the granting of a divorce the court may award the husband's interest in such property to the wife as lump sum alimony. Reid v. Reid, Fla. 1954, 68 So.2d 821; Bildner v. Bildner, Fla.App. 1969, 219 So.2d 749; Webb v. Webb, Fla.App. 1963, 156 So.2d 698; Gonzalez v. Gonzalez, Fla.App. 1963, 156 So.2d 206; Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481; Bailey v. Bailey, Fla.App. 1961, 126 So.2d 165; Kilian v. Kilian, Fla. App. 1957, 97 So.2d 201.
The final judgment is affirmed except for that provision in the final judgment concerning the wife's conveyance to the husband of all of her right, title and interest in and to all her remaining property which we reverse.
Affirmed in part and reversed in part.