PER CURIAM.
Upon review of the record on appeal and after consideration of the briefs and oral arguments of counsel for the respective parties, we determine that the result of numbered paragraphs 5, 6 and 7 of the final judgment of dissolution entered herein, awarding appellant the jointly owned marital domicile, awarding appellee jointly owned rental property, and directing conveyance of the parties’ interests in said properties in accordance with the aforementioned awards, was to effect a property settlement between parties to an action for dissolution. See Harder v. Harder, 264 So.2d 476 (Fla.App.1972); Kitchens v. Kitchens, 162 So.2d 539 (Fla.App.1964); Gonzalez v. Gonzalez, 156 So.2d 206 (Fla.App.1963). The trial court, under the facts and circumstances of the instant case, was without authority to effect such a property settlement. Niemann v. Niemann, 294 So.2d 415 (Fla.App. 4th 1974), cert. disch., 312 So.2d 733 (Fla.1975).
Accordingly, numbered paragraphs 5, 6 and 7 of the final judgment of dissolution are reversed and the cause is remanded for further proceedings consistent with the views herein expressed. In all other respects the final judgment of dissolution is affirmed.
Affirmed in part, reversed in part and remanded.
CROSS, OWEN and DOWNEY, JJ., concur.